STATE of Missouri, Respondent,

v.

Weldon IVORY, Appellant.

No. 46643.

Supreme Court of Missouri,
Division No. 1.

Oct. 12, 1959.

Charles M. Shaw, Clayton, for appellant.

John M. Dalton, Atty. Gen., Donal D. Guffey, Asst. Atty. Gen., for respondent.

HOUSER, Commissioner.

This is an appeal from the judgment of the Circuit Court of St. Louis County committing Weldon Ivory to the state penitentiary for a term of five years in accordance with the verdict of the jury finding appellant guilty of assault with intent to do great bodily harm, without malice, and finding that appellant had previously been convicted of a crime.

Appellant having filed no brief we will consider, seriatim, the assignments of error contained in appellant's motion for new trial. Each and every one of the seven assignments is too general and indefinite to preserve anything for appellate review under Rule 27.20 of the Supreme Court, 42 V.A.M.S., and section 547.030 RSMo 1949, V.A.M.S., which require that the motion for new trial must set forth in detail and with particularity the specific grounds or causes therefor.

■ The first three assignments (that the verdict is "against the weight of the evidence," "against the evidence," and "against the law under the evidence") are insufficient under State v. Russell, Mo.Sup., 324 S.W.2d 727, 733, and State v. Kelton, Mo.Sup., 299 S.W.2d 493.

■ The fourth assignment (that the court erred "in giving each and every Instruction requested by the Plaintiff") is insufficient under State v. Gaddy, Mo. Sup., 261 S.W.2d 65 and State v. Riley, Mo.Sup., 270 S.W.2d 741.

■ The fifth assignment (that the court erred "in admitting incompetent, immaterial and irrelevant and prejudicial testimony offered by the State's witnesses") is so indefinite that it fails to present anything for review. State v. Reece, Mo.Sup., 324 S.W.2d 656; State v. Eison, Mo.Sup., 271 S.W.2d 571; State v. Hathaway, Mo. Sup., 269 S.W.2d 57.

The sixth assignment (that the court erred "in refusing to admit relevant and competent evidence offered by the Defend-

872

ant") fails for the same reason. State v. Harris, 337 Mo. 1052, 87 S.W.2d 1026; State v. Burks, Mo.Sup., 257 S.W.2d 919.

■■ The seventh assignment (that the court erred "in introducing into evidence previous convictions of misdemeanors against said Defendant and that this is prejudicial to the cause of the Defendant and can only be cured by this Court granting Defendant a new trial") does not set forth in detail and with particularity the specific ground or cause of complaint, does not set forth the evidence, documentary or oral, of which complaint is made, or allege therein any reason or give any hint as to why or in what manner it was prejudicial or improper to admit evidence of previous convictions of defendant. We have, nevertheless, carefully considered the proposition and find no error in the action of the court. Appellant was charged under the Habitual Criminal Act, § 556.280, RSMo 1949, V.A.M.S., and therefore the admission of a certified copy of the sentence and judgment of conviction in the previous case and the admission of the certified transcript of appellant's serial record in the Missouri State Penitentiary, showing the admission and discharge of appellant upon commutation of sentence by the Governor, was wholly proper. The cross-examination of defendant, who took the stand as a witness in his own behalf, with reference to prior convictions, including misdemeanor convictions, State v. Bagby, 338 Mo. 951, 93 S.W.2d 241, was entirely proper. State v. Reece, supra.

■ Attending to the record, we find it in due form and according to law in every respect. The information follows the language of the statute (§ 559.190 RSMo 1949, V.A.M.S.), with the exception hereinafter noted, and properly charges the crime of assault with intent to do bodily harm, and properly charges the prior conviction. The information unnecessarily charges that the assault was committed with malice aforethought, but this is surplusage—malice is not an essential element of felonious as-

sault under § 559.190, supra, State v. Null, 355 Mo. 1034, 199 S.W.2d 639—and the information is sufficient to support the conviction. Defendant was present at the trial and he was represented by counsel. The verdict is in due and proper form. It is definite and responsive to the charge. By the verdict a punishment within the maximum permissible limits fixed by the penalty section relating to assaults, § 559.190, supra, and the Habitual Criminal Act, § 556.280, supra, is assessed. The record shows that at the time of sentencing defendant was present in open court, with his counsel; that he was duly accorded allocution, and that he was sentenced to five years' imprisonment in the state penitentiary in accordance with the verdict of the jury.

The record shows that no motion for a new trial was filed within ten days after the return of the verdict (verdict returned June 18, 1957), as required by Supreme Court Rule 27.20 and § 547.030, supra, and that no application for an extension of time was made within that ten-day period. On July 17, 1957, twenty-nine days after the return of the verdict, appellant made application for, and the court granted, an extension of time (30 days from June 18) within which to file a motion for new trial. The State in its brief contends that the order granting the extension, made after the expiration of the ten-day period, was a nullity and that therefore the motion for new trial was not timely filed. We do not rule the point, preferring to rest our decision upon the basis that the motion for new trial was too indefinite to raise any point for appellate review.

The judgment of the trial court is affirmed.

COIL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.