**STATE of Missouri, Respondent,**

v.

**Sylvester DAVIS, Appellant.**

**No. 49568.**

Supreme Court of Missouri,

Division No. 1.

May 13, 1963.

Thomas F. Eagleton, Atty. Gen., Jefferson City, Timothy G. Noble, Sp. Asst. Atty. Gen., Clayton, for respondent.

COIL, Commissioner.

A jury convicted Sylvester Davis of attempted burglary in the second degree and the trial judge found that he had been priorly convicted of two felonies as charged and sentenced him to five years in the state penitentiary. See Sections 560.070, 556.150, 556.280, and 560.095, RSMo 1959 and V.A.M.S. Davis appealed but has filed no brief. We shall examine the seventeen assignments of error in his motion for new trial.

Defendant's complaint in assignment 7, that the trial court erred in refusing to enter a judgment of acquittal at the close of the state's evidence, was waived when he adduced evidence in his behalf. State v. Truster, Mo., 334 S.W.2d 104, 107 [1].

 Defendant's new trial averment 8 challenged the sufficiency of the evidence to support the verdict. In determining that question, we consider the evidence and the reasonable inferences therefrom from a standpoint favorable to the state and disregard the evidence and inferences to the contrary. State v. Watson, Mo., 350 S.W.2d 763, 766 [1]. So considered, the evidence tended to show that the owner of a drugstore and merchandise located therein, at 2607 Cass Avenue in St. Louis, secured those premises about 10:30 p. m. on December 20, 1961, went to a lot at the store's rear where she obtained her automobile, and in its headlights observed that there was no hole in the rear brick wall of the building. The store's burglar alarm sounded in the office of the operating company at 1:37 a. m., whereupon the person in charge immediately called the police. Shortly thereafter, one police car approached from the rear of the building where one officer got out and the other drove to the front of the store where he saw two men standing near the front of the store just west of a gangway which ran from the front to the rear. In the meantime, another police car had approached so that the front of the drugstore was in the beam of its headlights and one of the officers saw two men come from behind a telephone booth located at the west side of the drugstore just east of the gangway. One of those men was the defendant, Sylvester Davis. Further examination disclosed that a hole had been made in the building's rear brick wall. The opening was about two feet in diameter at its exterior, tapering to three or four inches where it entered the building. Several tools were lying in the vicinity of the hole. A reddish substance was observed on some of the clothing of the defendant. Examination of certain items by the police laboratory disclosed that some reddish colored dust on the knee of the pants worn by the defendant and found on a portion of a pick (one of the tools) was dust from the same type of brick as a brick which had been dislodged from the wall of the building.

It is apparent from the foregoing statement that a jury reasonably could have found that defendant attempted by means of making a hole in the wall to break into and enter the drugstore in question in which there was valuable merchandise with the intent to steal or commit some other crime therein, and, if so, defendant was guilty of attempted burglary in the second degree as charged. Sections 556.070 and 556.150, supra.

 Defendant claims in assignment 11 that the trial court erred in overruling his objection to the closing argument of the state's attorney "to the effect that he thought the defendant was guilty" on the ground that such invaded the province of the jury and improperly stated counsel's personal belief as opposed to what the evidence showed. The argument of counsel for defendant is not included in the transcript. Apparently he had argued that the assistant circuit attorney was attempting to "railroad" the defendant and was intentionally trying to put an innocent man in the penitentiary, and in retaliation the assistant circuit attorney said, among other things, "Just as counsel for the defense is certain we are attempting to railroad this man, I assure you with all the sincerity and candor at my disposal, that we are attempting to prosecute a guilty one—," whereupon counsel for defendant interposed: "I object to comment by counsel of any assumption—." The remark was withdrawn but defense counsel suggested that withdrawal did not cure the assumption that the man was guilty and he requested that counsel be admonished. The objection and the request were overruled.

It is apparent from the portion of the record quoted above that we are unable to know what the full remark of the assistant circuit attorney would have been had he been permitted to continue and finish his sentence. Certainly we may not say, upon the record before us, that he expressed his personal opinion that the defendant was guilty unrelated to what the prosecutor contended the evidence showed.

■ Assignment 13 is that the trial court erred in permitting a police officer to testify over defendant's objection concerning the circumstances of defendant's arrest after consulting a police report made by another officer, thus indicating that the witness's testimony was based on hearsay. There is no merit in this contention. The record shows that the only matters as to which the witness refreshed his recollection from a police report written by another were as to the time and place of the occurrence and perhaps some other details. The testimony elicited from the witness, viz., that he saw the two men, one of whom was the defendant, come from behind the telephone booth as the police car in which witness was riding approached the building, was based upon the officer's personal observation and not upon anything contained in the police report of another.

■ Defendant complains in assignment 14 that the trial court erred in giving instruction 1 for seven stated reasons. Four of the assigned reasons, viz., that the instruction assumed disputed facts and was therefore highly prejudicial, was confusing and misleading (particularly when read with the other instructions), included prejudicial abstract statements of law and omitted necessary findings, and gave the jury a roving commission to find the defendant guilty, are too general to have preserved any matter for appellate review. S.C. Rule 27.20, V.A.M.R.

■ Appellant contends further that instruction 1 was not supported by substantial evidence. The instruction required, in substance, the jury to find (among other things) beyond a reasonable doubt that Davis attempted to break into and enter the drugstore in question with the intent to steal from that building in which were located goods, wares, and merchandise, by removing bricks from a wall of the building and that he was intercepted in the execution of the intended burglary, prerequisite to finding him guilty of attempted burglary in the second degree. It is apparent that the directive portion of instruction 1, as summarized above, was based upon the evidence we have heretofore recited, and consequently the contention that the instruction is unsupported by substantial evidence is without merit.

■ Defendant complains that instruction 1 was misleading and confusing in that it hypothesized that defendant "did forcibly attempt to break into and enter a certain drugstore" and thereafter told the jury that to constitute such attempted breaking, no particular amount of force was necessary. Apparently defendant's idea is that there is something inconsistent in requiring the jury to find that defendant forcibly attempted to break into and enter a drugstore and then direct the jury that no particular amount of force need be used in that attempt. The instruction correctly told the jury that the use of any amount of force constituted a forcible attempt to break in and there was nothing inconsistent or improper in such a direction.

■ Defendant's contention that instruction 1 did not sufficiently require a finding beyond a reasonable doubt of all the necessary elements of the crime charged, is without merit. The instruction is in usual form and required a finding beyond a reasonable doubt of all the necessary elements of attempted burglary in the second degree.

■ In assignment 15 defendant apparently continues to attack instruction 1, contending that it erroneously "highlighted and overemphasized the perpetration and commission of a crime and improperly shifted the burden of proof from the plaintiff to defendant." Defendant does not develop the quoted assertion and our examination of the instruction demonstrates that it is not vulnerable in the respects noted.

Defendant next contends that the instruction injected a false issue by suggesting that a person "at or near" the scene of a crime may be guilty of aiding or abetting a crime. The instruction contains the usual

paragraph, justified in this case because of the apprehension of another individual with the defendant at the scene of the occurrence, to the effect that persons who act together with a common intent in the commission of a crime are equally guilty and a crime committed by two or more persons jointly and together is the act of each; and, further, that if a person is present at or near the scene of a crime and by words or acts, aids, abets, assists, etc., with the intent to aid and abet the crime committed, then that person is equally guilty with the one who committed it. It is apparent that the instruction in the portion specified by defendant did not inject a false issue into this case.

Defendant next contends that instruction 1 assumed the fact that defendant had committed a crime and that when that instruction is read with others it shifted the burden of proof to the defendant to prove his innocence. Again defendant has failed to develop the assertions made and our examination of the instructions shows that there was no assumption of the fact that defendant committed a crime and that no instruction shifted the burden of proof to defendant.

Defendant's remaining specifications under his assignment 15, that the instruction was confusing and misleading and prejudiced defendant's rights and gave the jury a roving commission to find defendant guilty, are too general to have preserved anything for appellate review.

■ Appellant's assignment 17 relates to the proof adduced to the court as to the prior felony convictions with which defendant had been charged. Defendant contends the trial court erred in finding that the defendant on trial was the same Sylvester Davis who had theretofore been convicted of two felonies. The evidence consisted of the records of the two circuit courts in each of which a Sylvester Davis had been theretofore convicted of a felony, and of the transcripts of the serial records of the

Missouri State Penitentiary, showing that the Sylvester Davis who had been convicted of breaking jail in Cape Girardeau County had been received at the prison and thereafter discharged under commutation of sentence, and that the Sylvester Davis who had been convicted of burglary in the second degree and stealing in the City of St. Louis had been received at the penitentiary and thereafter discharged under parole. The identity of the name of the defendant with the names of the persons described in the official records read into evidence was prima facie sufficient to show that defendant was the same person named in those records for the purpose of showing prior convictions under the Habitual Criminal Act. State v. Romprey, Mo., 339 S.W. 2d 746, 753 [12, 13]. Defendant offered no evidence at the hearing. The record indicates that defendant's counsel was of the view that the state's documentary evidence tending to show the prior convictions was "ambiguous and conflicting as to the physical description of said Sylvester Davis," in that it was claimed that some of the descriptions contained in the penitentiary records did not fit the description of the defendant at the time of the present trial. But, as noted, defendant failed to adduce any evidence in support of that contention and consequently there is nothing in the record to support his present claim. His further new trial assignment, that he was prejudiced by the proof of the prior convictions because it permitted a longer sentence than otherwise could have been assessed, is obviously without merit.

Defendant's other assignment in his new trial motion with respect to prior convictions, viz., that the documentary evidence tending to show the prior convictions for jail breaking and burglary were improperly drawn and not correctly certified, are too general to have preserved anything for appellate review.

■ Likewise, the following assignments of error contained in defendant's motion for new trial are too general to

have preserved any matter for appellate review:

"1) Because the verdict is against the evidence.

"2) Because the verdict is against the weight of the evidence.

"3) Because the verdict is against the law.

"4) Because the verdict is against the law and the evidence and the law under the evidence.

"5) Because the verdict is for the wrong party and should have been for the defendant.

"6) Because the verdict is so against the weight of the evidence as to be conclusive evidence of the fact that it was the result of passion and prejudice on the part of the jury and of misconduct on their part toward the defendant.

\* \* \* \* \* \*

"9) Because the Court erred in admitting irrelevant, incompetent, immaterial and prejudicial evidence offered on the part of the State over and against the objection of defendant.

"10) Because the Court erred in giving and reading to the jury erroneous, misleading, illegal and prejudicial instructions and erred in giving each and every instruction given on behalf of the State.

\* \* \* \* \* \*

"12) Because the Court erred in sustaining several objections made by the State to defendant's evidence and to defendant's questions when no ground for these several objections were given, as required by law, and defendant's case was prejudiced by said rulings of the Court.

\* \* \* \* \* \*

"16) The Court erred in giving each and every instruction for the reason that when read together they go beyond the offense charged by the information against the accused, to his prejudice."

We have examined those record matters which we are required to review and find no error in connection with them.

The judgment is affirmed.

HOLMAN and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.