**STATE of Missouri, Respondent,**

v.

**John GIDEN, Appellant.**

**No. 49607.**

Supreme Court of Missouri,
Division No. 2.

July 8, 1963.

Wyvetter H. Younge, St. Louis, for appellant.

Thomas F. Eagleton, Atty. Gen., Jefferson City, Thomas R. Green, Special Asst. Atty. Gen., St. Louis, for respondent.

STORCKMAN, Presiding Judge.

The defendant John Giden was found guilty of attempted burglary, second degree, §§ 556.150 and 560.070, RSMo 1959, V.A. M.S., and his punishment was assessed at imprisonment for a term of two years. After verdict he filed a motion for judgment in accordance with his motions for a directed verdict or, in the alternative, for a new trial, which motion was overruled. The defendant was sentenced in accordance with the verdict of the jury and he has appealed. A co-defendant of Giden was convicted in a separate trial and the judgment was affirmed. See State v. Davis, Mo., 367 S.W.2d 517.

No brief has been filed by the defendant in this court and the case is before us on the transcript of the record and the brief of the state. In this situation our review extends to the assignments of error properly preserved in the motion for new trial and to the essential portions of the record. S.Ct. Rules 27.20 and 28.02, V.A. M.R.; State v. Slicker, Mo., 342 S.W.2d 946, 947[1].

The first three specifications of error in the motion for new trial are that "the verdict is against the evidence", "the verdict is against the weight of the evidence", and "the verdict is for the wrong party and should have been for the defendant". S.Ct. Rule 27.20 provides that a motion for a new trial "must set forth in detail and with particularity, in separate numbered paragraphs, the specific grounds or causes therefor." See also § 547.030, RS Mo 1959, V.A.M.S. We are precluded from exploring the allegations of the first three paragraphs of the defendant's motion for new trial because they are too general to present reviewable questions on appeal; furthermore, the weight of the evidence is solely within the province of the jury. State v. Schramm, Mo., 275 S.W.2d 343[1]; State v. Fields, Mo., 293 S.W.2d 952, 954 [10]; State v. Turner, Mo., 320 S.W.2d 579, 586[17–18].

Next the defendant contends that the trial court erred in refusing to sustain defendant's motion and to direct a verdict of acquittal on the theory that the evidence was insufficient to make a submissible case. This assignment necessitates a review of the evidence.

The place where the attempted burglary was committed was a drugstore at 2607 Cass Avenue in St. Louis. The store building is located on the northwest corner of Jefferson and Cass, and a stock of drugs and merchandise of the value of about $10,000 was kept in the store at the time in question. On December 20, 1961, when the store was closed and locked for the night, the brick wall in the rear was intact

and the burglar alarm was turned on. At 1:37 a. m. on December 21, 1961, the store's burglar alarm was activated in the office of the operating company, and the person in charge immediately called the police. In about two minutes after the alarm sounded, two police patrols each containing two officers converged on the drugstore. One patrol car approached from the north over Jefferson and a police officer got out of it at the rear of the store. The other officer drove the car around the corner to the front of the store where he saw two men, later identified as the defendant and Sylvester Davis, standing near the front of the building just west of a gangway which ran to the rear along the west side of the store. A telephone booth stood next to the building just east of the gangway. The officers in the other patrol car approaching from the east on Cass saw the two men emerge from behind the telephone booth as the first patrol car turned the corner and they saw the officer get out and place the defendant and his companion under arrest.

Further investigation disclosed that a hole had been broken in the brick wall at the rear of the building but had not been enlarged sufficiently to permit an entrance to be made. Near the hole in the rear wall, a pick, a crowbar, a screwdriver and another metal instrument were found. All of these tools had brick dust upon them. On a ledge in front of the drugstore, and immediately behind the place where the defendant and his companion were standing when they were apprehended, a pair of gloves were found. They also had brick dust on them.

The defendant and his companion had brick dust on their clothes. The trousers of the defendant were examined by a chemist employed by the police department and loose brick dust found on the outside of the trousers, as well as in the pockets, was shown to be similar to a sample taken from the wall where the opening was being made. The brick dust on the tools was also similar to the sample.

The defendant testified concerning his activities on December 20, 1961, and during the evening. In explanation of his presence near the store, he said that he ate supper at home about midnight and thereafter went with Sylvester Davis to a bus stop on the southeast corner of Jefferson and Cass Avenues intending to take passage on an eastbound bus to get to a produce market on North Broadway in search of work; that Sylvester Davis went along because he wanted to know where the defendant was going at that time in the morning. The defendant testified that while Davis and he were standing on the corner a policeman called across the street and wanted to know where they were going; that they went over to the north side of the street to talk to the policemen and were arrested. He denied that there was any brick dust on his clothes.

■■■ It is well established that circumstantial evidence is sufficient to support a conviction and in determining the sufficiency of the evidence it must be viewed in the light most favorable to the state. State v. Davis, Mo., 367 S.W.2d 517, 519[2].

■ An attempt to burglarize the drugstore is quite evident. The discovery and arrest of the defendant at the scene of the crime within two minutes after the burglar alarm was activated, the fact that no other persons except the defendant and Davis were in the vicinity when the police officers arrived, the presence of brick dust on the defendant's trousers, in his pockets and on the gloves found on the ledge behind him when he was arrested, and the other facts and circumstances shown by the evidence tend to prove the defendant's criminal agency and are sufficient to support the judgment of conviction. State v. Burton, Mo., 357 S.W.2d 927, 930[3]; State v. Ramsey, Mo., 368 S.W.2d 413, (No. 49,826, decided June 4, 1963); State v. Davis, Mo., 367 S.W.2d 517, 519[2, 3]; State v. Worley, Mo., 353 S.W.2d 589, 593–594[2]; State v. Bazadier, Mo., 362 S.W.2d 603, 606[7].

The court did not err in refusing to direct a verdict of acquittal.

■ The defendant offered two instructions relating to the defense of alibi which were refused, but the court did give instruction No. 4 covering the claimed defense. The defendant contends that instruction No. 4 is erroneous in that it shifted to the defendant the burden of proving his asserted alibi, that it was confusing and misleading when read in connection with other instructions, and that it gave the jury a roving commission to find the defendant guilty. In this posture of the defense, we are not concerned with whether an alibi instruction was justified under the evidence.

Instruction No. 4 told the jury that one of the defenses interposed by the defendant is what is known as an alibi, which means that the defendant claims he was at another and different place than that at which the crime was committed and, if the jury had a reasonable doubt as to the presence of the defendant at the time and place where the crime was committed, they should acquit him. The instruction then concluded as follows: "* * * but you are instructed that a reasonable doubt by you of the defendant having been present at the time and place where said crime was committed to authorize you to acquit him on the ground of your having such reasonable doubt, should be a substantual doubt by you of the defendant having been present at the time and place where such crime was committed and not a mere possibility that he may have been at another and different place than that at which said crime was committed at the time when it was committed."

The defendant does not point out in what particular the instruction is confusing or misleading when read in connection with the other instructions. Nevertheless we have examined all of the instructions in the case and find that instruction No. 4 is not confusing or misleading alone or in conjunction with the other instructions. Moreover it does not give the jury "a roving commission to find the guilt of the defendant". It is hardly the type of instruction that could be susceptible to such a charge.

Instruction 4 is consistent with the definition of burden of proof and reasonable doubt contained in instruction No. 5 and does not have the effect of shifting the burden of proof to the defendant to prove his alleged alibi. State v. Abbott, Mo., 245 S.W.2d 876, 880[7–9]; State v. Griffin, Mo., 336 S.W.2d 364, 368[9]. The assignment of error is denied.

■ We have considered all of the specifications of error preserved in defendant's motion for new trial and find them to be without merit. The defendant was present throughout the trial, including his allocution and sentencing. He was represented throughout the trial by court-appointed counsel. We have also examined the parts of the record and entries designated in S.Ct. Rules 28.02 and 28.08 and find them to be proper in form and free from error. Accordingly the judgment is affirmed.

All of the Judges concur.