STATE of Missouri, Respondent,

v.

Earl J. KUKOVICH, Appellant.

No. 50214.

Supreme Court of Missouri,

Division No. 1.

July 13, 1964.

Thomas F. Eagleton, Atty. Gen., Jefferson City, Timothy G. Noble, Special Asst. Atty. Gen., Saint Louis, Attorneys for respondent.

Taken as submitted by appellant.

HIGGINS, Commissioner.

Earl J. Kukovich was found guilty by a jury of manslaughter. Section 559.070, RSMo 1959, V.A.M.S. After finding that the defendant had previously been convicted and sentenced for the felony of assault with malice aforethought in accordance with Section 556.280, RSMo 1959, V.A. M.S., and as alleged in the substituted information, punishment was fixed by the trial judge at imprisonment in the penitentiary for a term of ten years. Section 559.140, RSMo 1959, V.A.M.S. Sentence and judgment followed and defendant has appealed.

The state has filed a brief but the appellant has not. In this situation the Supreme Court will review assignments of error properly preserved in the motion for new trial. State v. Parks, Mo., 331 S.W. 2d 547, 549 [1].

Appellant contends by his assignment of error numbered 8 that the trial court erred in overruling defendant's motion for acquittal at the conclusion of the state's case and at the conclusion of all the evidence in the case, some of which was offered by defendant. For this reason, we detail some of the events of the case.

The state called Bill Eugene Holt, an employee of the Missouri Department of Corrections, who was an eyewitness to the incident in question. He testified that on June 12, 1962, he was lining up inmates from B and C Halls to go to breakfast in the main dining room; that he knew Charles LeRoy Wilson (the deceased) and identified a photograph of him; that in the morning of June 12, 1962, he saw the defendant at the entrance to B and C Halls with his arm around the neck of Wilson, and that they were scuffling as they came down the steps; that defendant threw Wilson and Wilson got loose at the foot of the steps, at which time defendant reached in his pocket and pulled out what appeared to be a knife; that defendant "advanced forward" and stabbed Wilson in the chest and Wilson then collapsed; that Wilson appeared to be trying to ward off defendant's attack.

Holt further testified that he took Wilson to the hospital and that he noticed blood on Wilson's clothing on the left side of his chest; that he went back and searched the downstairs lobby and the cells in B Hall; that he found Exhibit 2, identified as a knife, underneath a radiator in B Hall lobby approximately ten feet from where the stabbing took place; that these events occurred in the penitentiary in Cole County.

Hugh W. Maxey, M.D., physician and surgeon at the Missouri State Penitentiary, testified that on June 12, 1962, he examined Wilson at about 6:30 in the morning and that Wilson died at about 7:30 that morning; that a knife wound was found in the sixth interspace near the anterior-axillary line and also a wound through the left ventricle of the heart; that the cause of death was the wound in the left chest going into the heart, and that the knife, Exhibit 2, was sufficiently long and strong to make the type of penetration found.

■ Appellant's complaint that the trial court erred in overruling defendant's motion for acquittal at the close of the state's evidence was waived when he adduced evidence in his behalf. State v. Davis, Mo., 367 S.W.2d 517, 518 [1].

■ In testing the sufficiency of the evidence, the court considers the evidence and all of its reasonable inferences from a standpoint favorable to the state and disregards the evidence and inferences to the contrary. State v. Davis, supra, 367 S.W.2d 519 [2, 3]. It is apparent from the foregoing recital of events that a jury in this case reasonably could have found defendant guilty of manslaughter. Section 559.070, RSMo 1959, V.A.M.S. Assignment 8 is therefore ruled against appellant.

■ Assignment of error numbered 1 is that the court erred in admitting incompetent, irrelevant and immaterial evidence offered by the state over the objections of the defendant. Such an assignment, because of its lack of detail and particularity, is insufficient to preserve anything for appellate review under Supreme Court Rule 27.20, V.A.M.R. State v. Davis, Mo., supra, 367 S.W.2d 521 [12], 522.

■ Assignments numbered 2, 3, and 4 are likewise insufficient under said Rule 27.20, V.A.M.R. Those assignments, with authority for holding them to be insufficient, are as follows: "2. That the verdict is against the evidence and the weight thereof," State v. Ivory, Mo., 327 S.W.2d 870, 871 [1]; "3. That the verdict of the jury was the result of bias and prejudice," State v. McMillian, Mo., 338 S.W.2d 838, 845 [9]; and "4. That the Court erred in admitting in evidence over the objection of the Defendant, State's Exhibits 1 and 2," State v. Russell, Mo., 324 S.W.2d 727, 733 [14].

■ Assignment of error numbered 5 is "That the Court erred in refusing to give the Jury the same instructions given a Jury in a previous trial of the within cause, though requested by the Defendant." The record reveals neither the request nor said instructions, and nowhere is it pointed out where such instructions would cure any supposed deficiencies. We hold therefore that this assignment is insufficient to preserve anything for review under Supreme Court Rule 27.20. State v. Pope, Mo., 364 S.W.2d 564, 567 [2, 3].

■ Assignment of error numbered 6 is "That the Court erred in refusing to give the Jury an instruction on self defense though such was requested by the Defendant." Nowhere does the assignment suggest or direct our attention to any evidence requiring the court to instruct on this point, nor do we find such evidence. In State v. Burnett, 365 Mo. 1060, 293 S.W.2d 335, defendant alleged error for a refusal to instruct on self-defense. In holding that such assignment presented nothing for review, the court stated 293 S.W.2d at page 343 [15–17]: "Error is assigned on the court's action in not instructing * * * (4) on self-defense. These assignments present nothing for review since they fail to comply with Supreme Court Rule 27.20. An assignment which merely states that the court erred in giving a particular instruction, or in refusing to give a particular instruction, or in refusing to instruct on a particular matter such as murder in the second degree have been held insufficient in not stating 'in detail and with particularity' the specific grounds or causes of complaint in the motion for a new trial." Accordingly, we rule the same contention in the same way against appellant here.

■ Assignment of error numbered 7 is "That the Court erred in refusing to give the Jury an instruction pertaining to the violent and turbulent reputation and character of the decedent, though such was requested by the Defendant." Again, the record reveals no request for such an instruction and this assignment also fails for failure to comply with Supreme Court Rule 27.20, V.A.M.R., for the reason that it fails to point out with any detail what supposed error would be thereby cured. State v. Pope, supra.

Under Supreme Court Rule 27.20(c), V.A.M.R., we have read and examined the entire transcript and have found no plain error affecting substantial rights.

We have also examined those matters in the record for which no assignment of error is required. Supreme Court Rule 28.02, V.A.M.R. The information is in proper form and is sufficient. The record shows that defendant was arraigned and pleaded not guilty. The verdict of the jury is in proper form and is responsive to the issues, and the punishment fixed by the trial judge is within the limits prescribed by law. Defendant had the benefit of counsel throughout his trial.

■ The record does not clearly show allocution, but the judgment and sentence are not thereby invalid as the defendant was heard on motion for new trial. State v. Scott, Mo., 333 S.W.2d 41, 46; Supreme Court Rule 27.10, V.A.M.R.

The judgment is affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM.

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All concur.