STATE of Missouri, Respondent,

v.

James Samuel HAYES, Appellant.

No. 51041.

Supreme Court of Missouri,
Division No. 1.
June 14, 1965.

---

Norman H. Anderson, Atty. Gen., Jefferson City, Richard G. Altobelli, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Taken as submitted by appellant.

HIGGINS, Commissioner.

James Samuel Hayes was found guilty by a jury of stealing a motor vehicle, a felony. Section 560.161, RSMo 1959, V.A. M.S. After finding that defendant had been convicted and sentenced previously for the felony of grand larceny in accordance with Sections 556.280 and 556.290, RSMo 1959, V.A.M.S., punishment was fixed by the court at imprisonment in the penitentiary for a term of six years. Sentence and judgment followed and defendant has appealed.

■ Appellant has filed no brief so we review assignments of error properly preserved in the motion for new trial. State v. Kukovich, Mo., 380 S.W.2d 324, 325 [1].

■ The evidence adduced by the state was that George Calderon of 2434 Montgall, Kansas City, Jackson County, Missouri, was the owner of a 1957 light blue, two-door, Ford automobile; that on February 22, 1964, at approximately 6:30 p. m., he parked the car in front of his home; that at about 8 p. m. he saw that the car was gone. He reported the loss to the police about 9 p. m., and about two hours later the police notified him that the car had been found. He identified the car on February 24, 1964, in a demolished condition. He did not know appellant and had not given him or his codefendant permission to take the car. Around 10:35 to 10:40 p. m., Patrolman James Frentrop of the Kansas City Police Department responded to a call to an accident on Southeast Freeway at 23rd Street. He saw the Ford, which was later identified as Calderon's, lying on its back (top) in a wrecked condition. He also saw that an off-duty officer was holding a gun on appellant and his companion. Appellant stated to him that he was driving the car. Later on he changed this story to say that a Wilson whom he had met at Green Duck Tavern was the driver, and that he was only riding in the car. Patrolman Frentrop described the area as having chain link fences 8 to 10 feet high on both sides of the freeway. He did not see the accident or who had been riding in the car. He said that appellant had a strong odor of alcohol on his breath but was not intoxicated. William Allison, a police accident investigator, also went to the scene at about 10:40 p. m. He said that appellant told him at the scene that a Mr. Wilson had been the driver but later, at the police station, nodded his head "Yes" to a question whether he had been driving. Detective James K. Moore questioned appellant on February 23, 1964, at which time appellant denied stealing the car and accused William Wilson of having the car and being the driver at the time of the accident. Moore followed this accusation through an investigation and interrogation of Wilson, after which he released Wilson without charge. Appellant, through his witnesses, claimed an alibi for the time from 6 to 9 p. m., and, through his codefendant, that Bill Wilson (deceased at time of trial) had the car, invited appellant to ride and, after wrecking the car, somehow got out and ran away. Don Holt testified in rebuttal that he was driving on Southeast Freeway about 10 p. m., February 22, 1964, when he heard a screeching noise approaching from his left and a blue car shot past, cut in front of him, and then flipped over and skidded on its top. He went to the car and tried to open the doors but could not do so because they were stuck. He saw only two men in the car and did not see anyone run from the car. The car was the one identified as be-

longing to Calderon. Obviously the jury disbelieved appellant's theory, and the recited evidence supports the charge. State v. Williams, Mo., 343 S.W.2d 58.

In his motion for new trial appellant claims the court erred in receiving testimony from the rebuttal witness, Don Holt. In making this point he concedes that the law in Missouri is that a rebuttal witness does not have to be endorsed on the information. State v. Malone, Mo., 301 S.W.2d 750, 758 [25]. He contends, however, "that this witness was not a rebuttal witness, and did not rebut any of the defense testimony." In State v. Odom, Mo., 353 S.W.2d 708, 711 [4], we said: " 'It is a well settled rule * * * that, where either party introduces part of an act, occurrence, or transaction, * * * the opposing party is entitled to introduce or to inquire into other parts of the whole thereof, in order to explain or rebut adverse inferences which might rise from the fragmentary or incomplete character of the evidence introduced by his adversary, or prove his version with reference thereto * * *.' 22A C.J.S. Criminal Law § 660c, pp. 655, 657, 658." The scope of rebuttal testimony was stated in State v. Arrington, Mo., 375 S.W.2d 186, 195 [21], as being " ' * * * largely within the sound discretion of the trial court, and, unless the court has abused its discretion, or a defendant's rights are prejudicially affected, an appellate court will not reverse on that ground, even though the evidence in question is not strictly rebuttal evidence.' " Examination of the previously noted testimony of witness Holt shows that it tended to counteract or disprove the statement that Bill Wilson had gotten out and run away from the car before the arrest of appellant was made because he had the car under his observation while it was still moving and after the time it came to rest on its top with its doors stuck. Thus, the evidence was proper rebuttal which did not require endorsement of the witness; no abuse of discretion occurred thereby, and the point is without merit.

Appellant's next four points are, because of their lack of detail and particularity, insufficient to preserve anything for appellate review under Criminal Rule 27.20, V.A.M.R. The assignments, with authority for holding them insufficient, are: "2. The verdict against the defendants is against the evidence, the weight of the evidence, and the law and evidence in this case," State v. Ivory, Mo., 327 S.W.2d 870, 871 [1]; "3. The verdict of the jury is based upon prejudice against the defendants, and is contrary to the evidence in this case," State v. Kukovich, supra, 380 S.W.2d 1. c. 326 [6–8]; "4. The verdict against the defendants is the result of the jury disregarding and ignoring the evidence and the instructions in the case," State v. Anderson, Mo., 375 S.W.2d 116, 120 [12, 13]. Appellant's fifth point is "That these defendants were denied a fair and impartial trial for each and all of the reasons hereinbefore set forth in this motion." None of the previous points presented a ground for a new trial and, as a result, this ground is without merit.

In addition, we have examined those matters in the record for which no assignment of error is required. Criminal Rule 28.02, V.A.M.R. The information is in proper form and is sufficient; defendant was arraigned and he pleaded not guilty; the verdict is in proper form and is responsive to the issues, and the punishment fixed by the court is within legal limits; defendant was heard on his motion for new trial and was granted allocution.

Defendant had the benefit of counsel throughout his trial.

The judgment is affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM.

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All concur.