**STATE of Missouri, Respondent,**

v.

**Luther WILLIAMS, Appellant.**

**No. 52903.**

Supreme Court of Missouri,
Division No. 1.

Feb. 12, 1968.

Norman H. Anderson, Atty. Gen., Jefferson City, Ben Ely, Jr., Special Asst. Atty. Gen., St. Louis, for respondent.

J. Whitfield Moody, The Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant.

HENLEY, Presiding Judge.

Luther Williams appeals from a judgment entered March 9, 1967, imposing a sentence of ten years on his conviction by a jury of robbery in the first degree by means of a dangerous and deadly weapon. Sections 560.120 and 560.135, RSMo 1959, V.A.M.S. We affirm.

Jackson Audrain Johns testified that on the night of May 27, 1966, shortly after nine o'clock, he was walking north on Harrison street, north of Linwood street, in Kansas City, Missouri, when he saw two colored men step out from behind a retaining wall of a parking lot and walk south toward him; that they walked up to him and stopped, one on each side of him; that one, the defendant, had a gun in his hand; that defendant's companion struck

him (Johns) in the eye, knocking him down; that while he was lying on the sidewalk, this man struck him again in the face and defendant immediately struck him in the back of the head with the gun; that defendant took his (Johns') billfold from his left back pocket after which the assailants ran east toward Troost street; that his billfold contained his driver's license and $303 in currency. He identified defendant and his companion later that night in a "line up" at police headquarters; he also identified defendant and the gun used in the robbery at the trial. He further testified that when the two men left he got up and walked south to Linwood where he found a policeman and reported the assault and robbery, describing his assailants; that he was taken to a hospital later that night for treatment of severe injuries to his eye.

Patrolman Robert Thornburg of the Kansas City, Missouri, police department testified that Mr. Johns found him on Linwood between Harrison and Troost and reported that two colored males had attacked and robbed him a few minutes before; that Mr. Johns " * * * was in a somewhat disheveled condition * * *" with " * * * blood on his shirt * *;" that before meeting Mr. Johns he had observed two colored males walking southwest across Linwood near Troost; that after the report from Mr. Johns, he immediately reported the robbery by radio and requested that any police cars in the vicinity look for and stop the two suspects he had seen earlier crossing Linwood; that he left Mr. Johns and walked east to Forest street and south on Forest a short distance where he found defendant and his companion in the custody of police officers, being searched; that as he walked up to this scene he " * * * discovered some money lying on the ground in the leaves * * *," Mr. Johns' billfold containing his driver's license, and a revolver, all on the ground three to five feet from defendant. The place of apprehension of defendant and his companion was about two or three blocks from the scene of the robbery.

Mr. Johns further testified that the area of the robbery was lighted by light from a parking lot approximately thirty feet distant; that he identified his two assailants from their clothing and by the size and shape of their faces; that at police headquarters, before the "line up," the police told him " * * * they had men in the show up room and they wanted me to look at them. That is all I remember them saying."

▆ Defendant's first point relied on is: "In his motion for a new trial defendant assigned as error *that the verdict of the jury was against the weight of the evidence and was based on bias and prejudice.*" The words we have italicized are the exact words of the first ground alleged in his motion for new trial. This assignment of error is not sufficient to preserve anything for appellate review. Rule 27.20, V.A.M.R.; State v. Kukovich, Mo., 380 S.W.2d 324, 326 [6–7] and cases there cited.

In the argument portion of his brief on this point defendant says that the evidence is not sufficient to sustain the conviction, that the state failed to make a submissible case of first degree robbery. He argues that the evidence is insufficient to support the conviction without Mr. Johns' identification of him at the trial; that Mr. Johns' in-court identification of him should have been excluded, because it was "tainted" by Mr. Johns' identification of him in the lineup at police headquarters in that he was without counsel at the lineup. In this connection he cites United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149; Gilbert v. State of California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.E.2d 1178; and Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199, frankly admitting that the Wade and Gilbert cases decided June 12, 1967, are not applicable, because, as held in the Stovall case decided the same day, they " * * * affect only those cases and all future cases which involve confrontations for identification pur-

poses conducted in the absence of counsel after this date."

■ Aside from the fact that the assignment of error contained in the first point of defendant's brief preserved nothing for review, the testimony related above demonstrates that the evidence is sufficient to sustain the conviction. State v. Smith, Mo., 298 S.W.2d 354; State v. Pruett, Mo., 342 S.W.2d 943; State v. Moss, Mo., 316 S.W.2d 539.

The other point briefed is: "The court erred in failing to discharge the jury and to declare a mistrial when the attorney for the state, during his closing argument, made prejudicial and improper arguments to the jury over the objections of the defendant." The point is in exactly the same language as the second assignment of error in defendant's motion for new trial. From the argument portion of his brief we learn that his specific contention or point is that during closing argument counsel for the state commented on defendant's failure to testify. That portion of the state's argument to which defendant refers, defendant's objection, and the court's remark or ruling, are as follows:

"Now, counsel for the defense never once denied that the defendant had committed this crime, and I think that—

"MR. WILSON: (Interrupting) I am going to object to that, Your Honor.

"THE COURT: Yes, I think—

"MR. WILSON: (Interrupting) It certainly is a misstatement."

■ Defendant did not object to the argument on the ground he now raises or, for that matter, on any ground; he did not request the court to instruct the jury to disregard that portion of the argument; he did not move that a mistrial be declared and the jury be discharged; he did not even call this ground to the attention of the trial court by specifying it in his motion for new trial. Therefore, his contention in this court was not preserved as a point for appellate review. State v. Armstead, Mo., 283 S.W.2d 577, 582 [13]; State v. Cheatham, Mo., 340 S.W.2d 16, 20 [11]; Rule 27.20, V.A.M.R. We decline defendant's invitation to consider the point under the plain error rule, Rule 27.20(c). While the court did not clearly sustain the objection, its remark indicates that it would have done so, specifically, had it not been interrupted by counsel for defendant. Moreover, the remark of the court was treated by state's counsel and by defense counsel as a sustention of the objection, because the subject of that portion of the argument was not referred to again, and defense counsel requested no further action by the court. Furthermore, the argument was not a direct or indirect reference to defendant's failure to testify. State v. Hayzlett, Mo., 265 S.W.2d 321, 323–24 [3,4]; State v. Cox, Mo., 352 S.W.2d 665, 670 [7,8].

Examination of the record as required by Rule 28.02, V.A.M.R., discloses no error.

The judgment is affirmed.

All concur.