**STATE of Missouri, Respondent,**

v.

**James Morris CLARK, Appellant.**

**No. 53665.**

Supreme Court of Missouri, Division No. 2.

Oct. 13, 1969.

John C. Danforth, Atty. Gen., Jefferson City, Harry Weed, Special Asst. Atty. Gen., Kansas City, for respondent.

James K. Riley, St. Louis, for appellant.

MORGAN, Judge.

Charged as a second offender, defendant was tried to a jury and found guilty of second degree burglary and stealing. The court assessed sentences of five years for burglary and two years for stealing to be served concurrently. Sections 560.070, 560.156, 556.280, RSMo 1959, V.A.M.S.

At 1:40 a. m. on August 1, 1967, in the City of St. Louis, two police officers were cruising in a patrol car. The windows were down and near the car they heard glass breaking and a burglar alarm. They turned a corner (estimated to have taken three to five seconds) and were in front of Baum's Market at 4079 Lincoln Avenue. They observed defendant and his co-defendant, K. C. Wright, Jr., standing facing the broken window of the market. Wright was observed holding a cigarette rack or display case, but nothing was seen in defendant's hands. Various items of merchandise were on the sidewalk below the broken window. Both defendant and Wright ran but stopped after the officers threatened to shoot. At the police station, paint fragments were taken from the sweater and trouser pocket of defendant. A police laboratory technician testified he compared these fragments with the twenty-six layers of paint on the broken window frame. One paint fragment taken from defendant's sweater had seventeen paint layers with the identical color sequence as that found on the frame. A fragment from his trouser pocket had nine such corresponding layers.

Wright, having previously entered a plea of guilty, testified for defendant. It was his testimony that he alone committed the burglary; that he knew defendant and had seen him earlier that evening at Bodel's Lounge; that, "He [defendant] came up while I was burglarizing the store; after I had, you know, took everything, Clark came up. * * * He stood and watched. He didn't do anything, you know, he didn't try to take anything." Defendant did not testify.

Defendant's sole argument on appeal is that the evidence was not sufficient to sustain the judgment of conviction. He contends his admitted presence at the scene and attempt to flee are not conclusive of guilt and do not provide a basis for the conviction. No reference is made to other evidence offered by the state.

■ While considering the sufficiency of the evidence, we are to consider all of it in the light most favorable to the state. State v. Davis, Mo., 367 S.W.2d 517. We do not limit our consideration, as suggested by defendant, to only that evidence pertaining to "presence" and "flight." For a case having such factual limitations, see State v. Castaldi, Mo., 386 S.W.2d 392.

■ A burglary was committed. Defendant concedes his presence at the scene. The time was established as being within a few seconds of the breaking of the store window and activation of the alarm. His "presence" at the commission of this felony was for consideration by the jury. State v. Corbin, Mo., 186 S.W.2d 469. The fact of "flight" was a circumstance indicating guilt. State v. Peterson, Mo., 305 S.W.2d 695, 700. The results of the laboratory test on paint fragments taken from defendant's clothing were properly admitted. State v. Williams, Mo., 382 S.W.2d 597,

599. As the state argues, the most reasonable inference the jury might draw from this evidence is that defendant assisted Wright in removing the window frame, and that a fragment of paint adhered to his hand and rubbed off in his trouser pocket. We find the facts and circumstances shown to be sufficient to support the judgment entered.

Somewhat similar factual situations may be found in State v. Burton, Mo., 357 S. W.2d 927, and State v. Giden, Mo., 369 S.W.2d 212.

The judgment is affirmed.

All of the Judges concur.