**STATE of Missouri, Respondent,**

v.

**Nathaniel Lamarr WADE, Appellant.**

**No. 55700.**

Supreme Court of Missouri, Division No. 1.

April 12, 1971.

John C. Danforth, Atty. Gen., Charles A. Blackmar, Asst. Atty. Gen., Jefferson City, for respondent.

Husch, Eppenberger, Donohue, Elson & Cornfeld, St. Louis, for appellant.

SEILER, Presiding Judge.

Defendant appeals from his conviction by the jury of second degree burglary of the St. Louis Contracting Company's building, in St. Louis, with sentence by the court (the second offender act being applicable) to seven years' imprisonment.

The questions raised on appeal go to the sufficiency of the evidence, the admission of two of the state's exhibits—a screwdriver and a knife—and whether the evidence warranted an instruction on flight.

When the company president, Mr. Craddock, returned to the shop after lunch on November 15, 1969, he noticed a strange automobile parked on the company property at a location not readily observable from the street and not ordinarily used by customers. It was Saturday afternoon, the premises were not open for business, and the employees were gone. Mr. Craddock suspected there might be a prowler. He heard an unusual noise in one part of the plant and thereupon telephoned the police. Awaiting their arrival, he saw defendant "coming around from the back part of our plant area." He asked defendant if it was his car. Defendant said yes. Craddock asked defendant to wait, that he had called the police and given them the license number and description of the car, that it would be embarrassing to them both, if defendant would "just wait a few minutes, we'll both be able to clear the air", but defendant pushed by, entered his car, "pulled very fast out of the drive and made a left turn." According to Craddock, defendant " * * * almost ran over me. I had to jump away from the car."

The police arrived within a few minutes and from the description and license number furnished by Craddock, succeeded in apprehending and arresting defendant minutes later on highway 40 near Forest Park. According to one of the arresting officers, the police car had its flashing red light on while overtaking defendant, but "We had to run him off the highway to get him." The police seized the screwdriver and a homemade knife which were on the seat next to defendant when arrested.

In the meantime, Mr. Craddock inspected his building. A pane of glass had been removed, unbroken, from one door, but that door could be opened only with a key. A window pane was broken next to a side door and that door was open, although it was closed and locked and the glass intact when checked at closing time the preceding day. Nearby, inside the shop, the locked door to a tool closet had been pried open and some of the tools which were usually kept in the closet were on the ground, near the open side door. The screwdriver fit the pry marks on the jamb of the tool closet door, and Mr. Craddock had noticed that on defendant's clothes there was dust similar in appearance to the limestone dust which coated the inside of the shop from

the stone grinding operations there carried on.

■■ On this evidence, we rule there was a submissible second degree burglary case made against defendant, State v. Clark (Mo.Sup.) 445 S.W.2d 294; State v. McGlathery (Mo.Sup.) 412 S.W.2d 445; State v. Williams (Mo.Sup.) 382 S.W.2d 597; State v. Giden (Mo.Sup.) 369 S.W. 2d 212; State v. Burton (Mo.Sup.) 357 S.W.2d 927; State v. Smith (Mo.Sup.) 357 S.W.2d 120; State v. Brown (Mo. Sup.) 291 S.W.2d 615; State v. Wyre (Mo.Sup.) 87 S.W.2d 171, there was no error in admitting the screwdriver and the knife, State v. Witt (Mo.Sup.) 371 S.W. 2d 215, 219–220; State v. Smith, 357 Mo. 467, 209 S.W.2d 138, 141; State v. Myers, 351 Mo. 332, 172 S.W.2d 946, 950; State v. Burney, 346 Mo. 859, 143 S.W.2d 273, 277, and the evidence of departure from the scene under the circumstances related, together with the evidence as to what was required for the police to halt defendant, warranted the instruction on flight, Wigmore on Evidence (3rd Ed.) Vol. II, Sec. 276; State v. Aubuchon (Mo.Sup.) 394 S. W.2d 327, 335; State v. Harris (Mo.App.) 325 S.W.2d 352, 358.

Judgment affirmed.

All of the Judges concur.