**STATE of Missouri, Respondent,**

v.

**Frances Carol COOK, Appellant.**

**No. 57439.**

Supreme Court of Missouri, Division No. 2.

March 12, 1973.

John C. Danforth, Atty. Gen., Charles A. Blackmar, Assist. Atty. Gen., Jefferson City, for respondent.

George E. Sullivan and Michael A. Turken, O'Fallon, for appellant.

STOCKARD, Commissioner.

Frances Carol Cook was found guilty by a jury of first degree robbery and sentenced to imprisonment for a term of five years. She has appealed from the ensuing judgment. The notice of appeal was filed prior to January 1, 1972. Appellate jurisdiction is in this court.

The sufficiency of the evidence is not challenged. Briefly stated, a jury reasonably could find that, acting together and in concert, appellant and Daniel Kuhlmeyer, by use of a revolver robbed Ronald Scheelienger, a service station attendant, of the contents of the cash register in the service station.

Appellant's first point on this appeal is that the trial court erred in admitting into evidence "statements of a third person over objection, which were immaterial, irrelevant, not a part of the res gestae, highly inflammatory and prejudicial."

On September 25, 1970, at about 3:30 o'clock in the morning, Daniel Kuhlmeyer, the appellant, and two other persons drove into the service station where Ronald Scheelienger was working. Kuhlmeyer drank some beer or whiskey at the station with Scheelienger and James Poe, the owner of the station. After a fight, or perhaps it was only an argument, between appellant and Kuhlmeyer, appellant and the other two persons drove away. About twenty minutes later appellant returned alone. The court permitted Scheelienger to testify, over the objection that it would be immaterial, that immediately before appellant left in the automobile and again when she returned Kuhlmeyer asked her if she would have sexual relations with Scheelienger. It was subsequent to this second request that Kuhlmeyer took Scheelienger's revolver and robbed him, with the aid of appellant who furnished a paper sack in which to place the money and who carried the sack of money to the automobile when she and Kuhlmeyer left.

Appellant cites State v. Edmonson, 371 S.W.2d 273 (Mo.1963) and State v. Tevis, 340 S.W.2d 415 (Mo.App.1960). We do not disagree with either case, but they do not support appellant's contention. In the first, evidence clearly not relevant to any issue was held to have been properly excluded. In the latter case, evidence that was relevant was held to have been properly admitted.

In this case appellant and Kuhlmeyer were acting in concert in committing the robbery; Kuhlmeyer holding the gun and appellant furnishing the sack in which to place the money and then in carrying it away. Therefore, the relations between the two as evidenced by their conduct while at the station was relevant to establish their joint enterprise, and the offered testimony was material to the issue of their relationship. Subsequent testimony developed that appellant and Kuhlmeyer, though not married, were living together. The testimony of the request made to appellant by Kuhlmeyer was a part of the complete picture of the relations and operations of the two who participated jointly in the commission of the robbery. It may be argued that this testimony was too unrelated to be material, but that affects only the weight to be given to it by the jury; not its admissibility.

Appellant's second point challenges Instruction No. 7 as constituting a misdirection in that the jury was not required to find that the acts of the joint participants were intentionally and knowingly done.

We first note that the record does not show that appellant objected to Instruction No. 7, and the motion for new trial contains no assignment pertaining in any way to this instruction. There is nothing pertaining to this instruction preserved for appellate review. However, although appellant does not urge that Rule 27.20, V.A. M.R., pertaining to plain error be invoked, we have considered that question.

Appellant relies on State v. Grebe, 461 S.W.2d 265 (Mo. banc 1970), where it was held that when one is charged as an aider and abettor (thereby becoming a principal, § 556.170 RSMo 1969, V.A.M.S.), it is essential that the instruction require the jury to find that the accused intention-

ally aided and abetted. However, appellant was charged as a principal, and "where * * * the state did not try defendant as an aider and abettor, * * * but tried him as a principal," the rule of the Grebe case does not apply. State v. Bolden, 473 S.W.2d 355 (Mo.1971). Not only is the plain error rule not appropriate; the instruction did not constitute a misdirection.

Appellant's last point is that the judgment should be reversed because "the transcript on appeal has omissions which have prejudicially [a]ffected appellant's appeal."

■ Appellant states in her brief that the court reporter who "mechanically transcribed the trial of this case" died prior to filing the transcript. Appellant points to approximately ten places in the transcript where there appears such statements as "No audible answer," "No audible response," "unintelligible," and "indistinguishable." There were two additional places where it is indicated that the recording device malfunctioned.

The only two issues presented on this appeal (one of which was not preserved for appellate review) were in no way affected by the omissions in the transcript. Appellant makes no attempt to demonstrate in what way or manner she was or could have been prejudiced by the omission in the transcript of some testimony which had no bearing on the issues presented for appellate review. In the absence of prejudice, appellant cannot complain that the transcript shows some omissions.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.