STATE of Missouri, Respondent,

v.

Bill STRANGE, Appellant.

No. 9859.

Missouri Court of Appeals, Springfield District.

Nov. 7, 1975.

John C. Danforth, Atty. Gen., Robert H. House, Asst. Atty. Gen., Jefferson City, for respondent.

Ted M. Henson, Jr., Poplar Bluff, for appellant.

Before BILLINGS, C. J., and STONE and TITUS, JJ.

BILLINGS, Chief Judge.

Defendant Bill Strange was found guilty by a Wayne County jury of felonious stealing and sentenced by the court to five years imprisonment. We affirm.

■ Defendant's complaint relating to the order in which certain instructions were given is not preserved for appellate review. No objection was lodged concerning the matter nor mention made of such alleged error in defendant's motion for new trial. Rule 27.20(a); *State v. Cook*, 491 S.W.2d 324 (Mo.1973); *State v. Henderson*, 510 S.W.2d 813 (Mo.App.1974). We decline the invitation to consider this point under the plain error rule [Rule 27.20(c)] inasmuch as no "manifest injustice or miscarriage of justice" appears.

Defendant's second point is directed to the cross-examination of his witness Kimbrow. This point is not preserved for our review because the testimony defendant now complains of was received without objection. *State v. Brookshire*, 353 S.W.2d 681 (Mo.), *cert. denied* 371 U.S. 67, 83 S.Ct. 155, 9 L.Ed.2d 119 (1962).

■ Defendant's final assignment claims error in the court permitting, over objection, an unendorsed witness to testify as a rebuttal witness for the state. The assignment is without merit since rebuttal witnesses are not required to be endorsed on the information [*State v. Hayes*, 391 S.W.2d 338 (Mo.1965)] and the scope of rebuttal testimony is within the sound discretion of the trial court. *State v. Arrington*, 375 S.W.2d 186 (Mo.1964). We find no abuse of discretion.

The information is sufficient, and the verdict is responsive and in proper form. Allocution was granted. Sentence and judgment were lawfully imposed and entered.

The judgment is affirmed.

All concur.