**UNITED STATES of America ex rel. Edward McCOY**

v.

**Alfred T. RUNDLE, Supt. State Correctional Institution, Graterford, Pennsylvania.**

**Misc. No. 3670.**

United States District Court
E. D. Pennsylvania.

March 31, 1969.

John H. Lewis, Jr., Philadelphia, Pa., for relator.

Arlen Specter, Dist. Atty., Philadelphia County, Philadelphia, Pa., for Rundle.

## OPINION

KRAFT, District Judge.

Relator, a state prisoner, is presently serving a three to ten year sentence following his conviction, after a non-jury trial, for burglary in 1963. After being granted leave to appeal nunc pro tunc, relator's conviction was affirmed by the Pennsylvania Superior Court.

Subsequent to the filing of the instant petition, we appointed counsel for the relator, who in turn filed an amended petition setting forth three grounds:

I.  Relator was denied due process by the failure to afford him counsel at his preliminary hearing.

II.  Relator was not apprised by the indictment of the specific nature of the charge of burglary.

III.  Relator received ineffective assistance of counsel at trial and sentencing.

The first two grounds alleged by the relator are totally without merit. A preliminary hearing under Pennsylvania law is not regarded as a critical stage of the criminal proceedings against a defendant. United States ex rel. Maisenhelder v. Rundle, 349 F.2d 592 (3 Cir. 1965). Nothing which occurred at the preliminary hearing was used against relator at his trial. The mere fact that

the absence of counsel may have deprived the defendant of an opportunity for pre-trial discovery, does not rise to a violation of due process.

▆▆▆ The indictment, found to be sufficient by the state court, may not be tested in this Court unless it fails to afford a jurisdictional basis for the conviction. United States ex rel. Holly v. Com. of Pa., 81 F.Supp. 861, aff'd 174 F.2d 480 (3 Cir. 1948).

▆▆▆ With regard to the relator's remaining ground that he was denied the effective assistance of counsel, a related and important aspect of this allegation is that he was prejudiced by the late appointment of the voluntary defender to represent him. It is undisputed that trial counsel met his client for the first time on the morning of the trial on August 19, 1963 in the City Hall cell room at about 8:30 or 9:00 A.M. Relator had been interviewed prior to trial by a representative of the defender's office on August 9, 1963. Trial counsel reviewed the file and made it his practice to gather all of his clients together in the City Hall cell room and lecture them on courtroom deportment He then singled out the particular defendants with whom he wished to discuss certain aspects of their cases.[1]

On the basis of these facts, relator has made out a prima facie case of prejudice resulting from the late appointment of counsel. United States ex rel. Mathis v. Rundle, 394 F.2d 748 (3 Cir. 1968). The burden is then cast upon the Commonwealth to rebut the prima facie presumption of harm either by affirmative evidence appearing otherwise of record or by evidence presented at the federal habeas corpus hearing. United States ex rel. Chambers v. Maroney, 408 F.2d 1186 (3 Cir. January 2, 1969).

The state court record reveals that the relator was charged with burglary of an outside glass enclosed telephone booth. At the time of the offense, on July 19, 1963 at 2:10 A.M., Mr. Adams, who resided across the street from the telephone booth, observed two men inside the booth. Adams called the police, who, in turn, arrived almost immediately in time to observe the relator and another man inside the booth. Adams testified that he saw the light broken and then the two men left the booth and were joined by a third suspect. Two of the suspects were apprehended, one of whom was the relator. A screwdriver was found by one of the officers in the booth and pry marks were observed on the upper housing of the telephone apparatus. Relator was searched and found to have brown paper bags on his person. He denied the offense and claimed that he intended to use the bags for his lunch the next day if he was successful in obtaining employment following an interview. A witness for the relator, Mr. Hayes, testified that he did not expect the relator to bring a lunch the next day.

Relator contends that his counsel was ineffective because he failed to obtain the notes of testimony of the magistrate's hearing wherein the witness Adams was unable to positively identify the relator except as one of two men at the scene of the burglary. Also, the witness Adams testified that he "seen them bust the light in the telephone booth." This was contrary to the repair records of the Bell Telephone Co. which revealed that the light switch was off but the light was not broken. Trial counsel had not subpoenaed these repair records for trial.

Counsel is further criticized for not interviewing the witness Hayes [2] before trial in light of the fact that he gave testimony at variance with the relator's explanation of having the brown paper bags in his possession.

Complaint is also made by the relator because his counsel did not move to suppress the evidence of the brown bags

---

1. There is no evidence that relator was one of these persons.

2. Counsel could not recollect whether he had interviewed Mr. Hayes.

nor did he file a motion for a bill of particulars.

After trial, it is alleged that counsel failed to appear to argue post-trial motions and to make a plea for leniency on relator's behalf at sentencing. Counsel failed to make any statement regarding the use by the Court of relator's juvenile record in imposing sentence. It is conceded by counsel for the relator that a trial court may rely upon the juvenile record when imposing sentence. United States ex rel. Jackson v. Myers, 374 F.2d 707 (3 Cir. 1967).

At the imposition of sentence, a different attorney represented the relator than his trial counsel and he too was a late appointment. The record of the sentencing fails to disclose that he made any argument on the relator's behalf.

At the hearing before this Court, counsel for the relator at sentencing, had no specific recollection of the sentencing. However, counsel testified that in each case he made an argument in mitigation of sentence at side-bar. "I have no doubt in my mind that it was so at a side bar conference with Judge O'Donnell." (Fed. hab. n. t. 101).

Trial counsel for the relator testified that he did not move to suppress because he thought it would not be successful in view of the fact that the police had observed relator inside the booth.

Counsel's failure to file a motion for a bill of particulars under the facts of this case does not indicate ineffective representation. While the notes from the magistrate's hearing and the repair records might have been helpful, we cannot say that it was basic prejudicial error not to have these items to impeach the testimony of the witness Adams. The fact that the light was broken or merely switched off was not material in view of the personal observation by the police officers of the relator inside the booth when the light was on.

In any event, relator's counsel managed to elicit testimony from the police that they did not observe any broken glass in the telephone booth, and that there was a light visible in the booth (trial n. t. 12, 38).

No character witnesses were called by the public defender because the relator affirmatively requested that none be called. (Fed. hab. n. t. 105). Relator was in a better position than counsel to know if character witnesses would be helpful and counsel cannot be faulted in this regard.

Trial counsel waived a jury trial because in his judgment, " * * * It is very likely that if I had at this late date demanded a jury trial that I would have gotten a trial by jury right then and there and probably with disastrous results." * * * "If I had tried the case before a jury my estimate now is the same as it would have been at that time, I am quite sure I would have lost the case with the charge and that the defendant would have received a much more severe sentence than he did." (Fed. hab. n. t. 87–88)

Trial counsel further testified that he had vigorously argued the motions for new trial and arrest of judgment and sought to convince the trial judge that a telephone booth was not a building within the meaning of the burglary statute. On two occasions, on August 19th and August 27th, 1963, he addressed the court with regard to the sentence to be imposed which arguments were not transcribed. He tried to cajole the court into taking a lighter view of the matter and only find the relator guilty of tampering with a telephone which carried a twelve month term and a $500 fine.

After carefully weighing all of the alleged errors and after consideration of the entire record and briefs of counsel, we find that relator was not prejudiced by the late appointment of counsel at trial or at sentencing. It is our considered judgment that the Commonwealth has rebutted the presumption of harm and that the relator was effectively represented by appointed counsel. We cannot say that the trial of this case was a "mockery of justice" requiring the granting of the Great Writ.

We extend our gratitude to John H. Lewis, Esq., for his unselfish and excellent advocacy on behalf of the relator.

## ORDER

Now, this 31st day of March, 1969, it is ordered that the petition of Edward McCoy for a writ of habeas corpus is denied.

There is probable cause for an appeal.