**UNITED STATES of America ex rel. Reginald SAMUELS, Petitioner,**

v.

**Raymond W. ANDERSON, Warden New Castle Correctional Institution, Respondent.**

**No. 113.**

United States District Court
D. Delaware.

Sept. 29, 1969.

Reginald Samuels, pro se.

## OPINION AND JUDGMENT

LATCHUM, District Judge.

This case is before the Court upon a petition for a writ of habeas corpus filed by Reginald Samuels, a state prisoner, pursuant to the provisions of 28 U.S.C. § 2254. The petition was filed *in forma pauperis*.

On September 13, 1968, petitioner was sentenced in the Superior Court of the State of Delaware in and for New Castle County to life imprisonment upon conviction by a jury on kidnapping, rape and robbery charges. He is now imprisoned in the New Castle Correctional Institution in respondent's custody pursuant to that sentence. An appeal was taken to the Delaware Supreme Court which affirmed the conviction.

Prior to petitioning this Court, Samuels filed in the State sentencing court a "motion to correct illegal sentence" under Criminal Rule 35(a), Del.C.Ann., asserting essentially two grounds for relief: (1) that while he was in custody, clothing, later introduced into evidence against him, was seized without a search warrant for purposes of scientific examination, and (2) that he was incompetent to stand trial and the trial court erred in refusing to appoint a "defense psychiatrist" to aid him in his defense. The Rule 35 motion was denied on July 24, 1969. Without appealing, petitioner brings these same general contentions before this Court.

28 U.S.C. § 2254(b) provides that an application for a writ of habeas corpus shall not be granted unless a state prisoner has first exhausted his available state remedies. Because the

contentions asserted here were not appealed to the Supreme Court of Delaware, petitioner has not complied with that statute, and the requested writ could not issue even if his contentions were sound. United States ex rel. Austin v. Anderson, 293 F.Supp. 1356 (D.Del.1969). However, while this Court is precluded from granting affirmative relief, it has the power to deny a petition where the claims appear to be without merit. United States ex rel. Drew v. Myers, 327 F.2d 174, 183 (C.A. 3, 1964); United States ex rel. Auld v. Warden of New Jersey State Penitentiary, 187 F.2d 615, 621 (C.A. 3, 1951).

Petitioner's first contention arises from the fact that the police seized the clothes,[1] which he was wearing, in order to make a microscopic examination of them. At the time his clothing was taken, the police did not have a search warrant. Hence, he claims the warrantless seizure was unreasonable under the Fourth and Fourteenth Amendments and the seized articles were inadmissible at trial under Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). This contention is without merit.

An examination of the state court trial record clearly indicates that at about 11:45 a. m. on August 19, 1967, petitioner, while in custody at the Wilmington Police Station, was formally charged in an arrest warrant with kidnapping, rape and robbery. After his arrest, he was taken before a judge of Municipal Court in Wilmington who committed him to the New Castle Correctional Institution in default of bail. Following his commitment at the Correctional Institution at about 2:55 p. m., he was given regular prison garb and the clothes that he was wearing were turned over to the investigating officers for use as evidence.

There is no question that the arrest of petitioner upon a valid arrest warrant was in all respects lawful. The taking of his clothes was incident to a lawful arrest and the holding of them for evidence, under the circumstances, was reasonable and proper. Warden Md. Penitentiary v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967); Whalem v. United States, 120 U.S.App.D.C. 331, 346 F.2d 812, 814 (1965); United States v. Robinson, 354 F.2d 109 (C.A. 2, 1965).

Furthermore, the fact that about three hours elapsed between the time of his arrest and the taking of the clothes which he was wearing does not make the seizure constitutionally impermissible under Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964). The circumstances of this case are obviously distinguishable from *Preston* because there the question concerned the search of an automobile long after the defendants had been imprisoned. Here the clothes were constantly in sight, were taken on the person at the time of the arrest and were continuously in custody. The clothing was removed from petitioner's person for use as evidence at the first practical opportunity after his arrest, i. e. when he was issued regular prison garb at the Correctional Institution. On these facts the seizure of the clothing as evidence without a search warrant was reasonable. Hancock v. Nelson, 363 F.2d 249 (C.A. 1, 1966); Golliher v. United States, 362 F.2d 594, 601 (C.A. 8, 1966); United States v. Caruso, 358 F.2d 184 (C.A. 2, 1966). Otherwise, if the warrantless seizure of an accused's clothing incident to a lawful arrest were constitutional only if made contemporaneously with or immediately following his arrest, the police in the seizure of clothing as evidence would be forced to strip naked many defendants in the most inappropriate places—a most unreasonable requirement.

In the circumstances of this case I find no constitutionally impermissible conduct in seizing petitioner's clothing for the purpose of scientific examina-

---

1. The clothes seized were the trousers, shirt and underwear which petitioner was wearing when arrested.

tion and its later introduction into evidence.

Petitioner's second contention is that he was denied due process of law when the trial court did not appoint a personal "defense psychiatrist" to aid him in his defense. The state court trial record reveals that the petitioner, although represented by competent counsel from the Public Defender's Office, never requested the appointment of a personal "defense psychiatrist." But even if he had, the trial judge would have been justified in denying the request as a matter of discretion. Corbett v. Patterson, 272 F. Supp. 602, 610 (D.Colo.1967).

■■■ The interests of justice and due process requirements, however, do dictate that a defendant should not be tried if he is incompetent and unable to aid in preparing his defense. To this end courts, where the case warrants, order an impartial mental examination to determine an accused's competence to stand trial. In this case, on petitioner's motion, that is exactly what the trial court did. The trial court entered an order requiring the petitioner to be examined by impartial psychiatrists in the employ of the Delaware State Hospital. Their report was that the petitioner was competent. Under these circumstances, this Court cannot hold that a finding of competence by impartial psychiatrists appointed by the Court gives an automatic right to petitioner for an additional court-appointed personal "defense psychiatrist," especially where there is no showing that the examining court-appointed psychiatrists were partial or incompetent. United States ex rel. Smith v. Baldi, 344 U.S. 561, 73 S.Ct. 391, 97 L. Ed. 549 (1953); Watson v. Patterson, 358 F.2d 297 (C.A. 10, 1966); McGarty v. O'Brian, 188 F.2d 151 (C.A. 1, 1951). Accordingly, I find no constitutional violation of petitioner's rights in this regard.

No probable cause exists for an appeal. Fitzsimmons v. Yeager, 391 F.2d 849, 854 (C.A. 3, 1968).

## JUDGMENT

Finding no merit to the present petition, it is Ordered and adjudged (a) that the petition for habeas corpus is hereby dismissed and the writ denied and (b) that a certified copy of this Opinion and Judgment be sent by the Clerk to the petitioner and respondent.