**Robert Lee WILKINSON, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 55084.

Supreme Court of Missouri,
Division No. 1.

Dec. 21, 1970.

Herbert S. Brown, Trenton, for movant-appellant.

John C. Danforth, Atty. Gen., Harvey M. Tettlebaum, Asst. Atty. Gen., Jefferson City, for respondent.

SEILER, Presiding Judge.

Defendant appeals from denial by the trial court of his Rule 27.26, V.A.M.R. motion to vacate his conviction of second degree burglary, with a sentence of nine years. Judgment was affirmed on the original appeal, State v. Wilkinson (Mo. Sup.), 423 S.W.2d 693. In the present appeal, defendant makes the following contentions: (1) the information on which he was tried was defective; (2) illegal search and seizure of clothing; (3) ineffective assistance of counsel, and (4) unconstitutionally improper argument by the prosecutor.

■ On the first point, which can properly be raised under Rule 27.26, State v. Nolan (Mo.Sup.), 418 S.W.2d 51, it is true the information as filed was defective, because it failed to allege the breaking and entering into the building was done feloniously or with felonious intent. See State v. Pryor, 342 Mo. 951, 119 S.W.2d 253; State v. Whalen, 297 Mo. 241, 248 S.W. 931; State v. Updegraff (Mo.Sup.), 214 S.W.2d 22; State v. Siegel, 265 Mo. 239, 177 S.W. 353; State v. Murdock, 9 Mo. 739, and State v. Vonderau (Mo.Sup. banc), 483 S.W.2d 271.

This, however, is not the end of the matter in this particular case. The record of the original trial shows that on July 1, 1966, following an unsuccessful attempt to go to trial on June 30, 1966 (the case had been pending in circuit court for about eleven months), the prosecutor, as he had earlier notified opposing counsel by letter he intended to do, asked leave to amend the information by interlineation by inserting the words "wilfully, intentionally, feloniously and on purpose" at the appropriate place. Defense counsel stated there was no objection and the court thereupon granted leave. Although the case was not then tried until September 29, 1966, the amendment by interlineation was never in fact made. At the hearing on the present motion, the prosecutor testified he thought he had but actually had not made the interlineation. The trial judge testified it was his understanding the information had been amended by interlineation and the case was tried on that basis. Defendant testified he had had several previous burglary convictions; that he knew that on "a felony I understand you go to the penitentiary, and a misdemeanor you go to the county jail". He recalled that on the July 1 occasion, defense counsel mentioned to the court the possibility of a guilty plea and defendant's willingness if he could be assured of five years. Defendant conceded he knew there was a penitentiary offense involved.

Neither side has furnished any case where leave has been granted to amend a defective information by interlineation and then the trial has proceeded without the amendment being made, nor have we been able to find such a case. The trial court on the 27.26 motion ruled against defendant on the basis that " * * * the case was tried and the Court and defendant, who was present, believed such amendment had been made" and by analogizing the situation to the rule in civil litigation that a case will be treated on appeal on the theory upon which it was tried.

■ One object of the information is to give the court jurisdiction, Montgomery v. State (Mo.Sup.), 454 S.W.2d 571, and to inform the defendant of the nature of the charge, State v. Vonderau, supra. The information in this case was sufficient to give the court jurisdiction to permit the amendment by interlineation, which would have cured the defect. Without the amendment, it was not clear whether defendant was being charged with a felony. As a common sense matter, however, once the proposed amendment by interlineation was brought to the attention of the trial

court in the presence of defendant, with no objection from counsel, and under the other circumstances set forth above, it would be excessively technical to reverse and remand the conviction on the mere fact that the interlineation was not actually entered. We therefore overrule this point. In doing so, however, we caution our holding is restricted to the facts before us. We do not intend to approve as a practice not carrying through with the actual making of such interlineations, nor do we intend our ruling to be taken as meaning that henceforth amendments to informations are to be governed by rules applying to amendments in civil cases.

On defendant's second point—that there was an illegal search and seizure of his clothing—we commence with the undisputed fact there was a valid arrest of defendant for a felony, see the circumstances related in State v. Wilkinson, supra, 423 S. W.2d l. c. 694. A felony had been committed and the officers had reasonable grounds to believe defendant and his companion were the offenders. Defendant, who had received two severe gunshot wounds, was taken to the hospital by ambulance, accompanied by the sheriff. The doctor was called and the nurses removed defendant's clothing, which the sheriff put in a box and turned over to the highway patrol. Approximately a week later, in Jefferson City, the highway patrol examined the clothing and made an analysis of debris from the cuffs of the trousers and material from the surface of the jacket. Subsequently the highway patrol chemist testified in defendant's trial that the materials examined from defendant's clothing matched the plaster and safe insulation material broken loose in the jewelry store in the burglary. Defendant's argument is that his clothing was taken without his consent, at a location different from where his arrest occurred, and that the actual search of the clothing was made at a still more distant location and at least six days after the arrest. Therefore, he says, we have a combination of belated and remote

seizure and search, in violation of Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777.

■ Certainly the trousers with the debris in the cuffs and the jacket with the material on the surface could have been legitimately seized by the police at the scene of his arrest or when they got him to the police station, had defendant's condition not been such that he was taken to the hospital instead of jail. The required "nexus" between the clothing to be seized and the criminal behavior was present, Warden, Md. Penitentiary v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782. The police had probable cause to examine the clothing, Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419. There is no material difference in the sheriff's taking the clothes at the hospital after removal by nurses in getting defendant ready for the doctor and taking them at the police station. The sheriff came into possession of the clothing about as soon in terms of elapsed time as if defendant had been uninjured and taken directly to the jail.

As to the laboratory examination not being made until a week later and in an entirely different location, this is immaterial once it is determined that the seizure of the clothing was proper in the first place. There is no reason why it cannot be moved to a place where proper laboratory facilities are available for scientific examination, rather than taking the laboratory to the clothing.

In State v. Wragg (Mo.Sup.), 395 S.W. 2d 196, 199, the court upheld testimony by the police as to tests of debris removed from defendant's shoes, shirt, and trousers, taken from him when arrested, shown to be the same composition as metal fragments on the floor of the machine shop where the burglary occurred, on the basis that " 'When a person has been lawfully arrested officers may take from him articles of evidentiary value without violating

his constitutional guaranties against unreasonable searches and seizures.' "[1]

To the same effect are United States v. Williams (C.C.A.5), 416 F.2d 4; Golliher v. United States (C.C.A.8), 362 F.2d 594; United States v. Caruso (C.C.A.2), 358 F.2d 184; United States ex rel. Samuels v. Anderson (D.C.D.Del.), 304 F.Supp. 545; Commonwealth v. Marsh, 354 Mass. 713, 242 N.E.2d 545; Sipera v. State (Minn.), 175 N.W.2d 510; State v. Dill, 277 Minn. 40, 151 N.W.2d 413; State v. Bisaccia, 45 N.J. 504, 213 A.2d 185. The courts point out that the type of scientific investigation here employed lessens the dependence on custodial interrogation; that the sort of search and seizure under consideration does not involve the type of hazards and concerns which brought about adoption of the Fourth Amendment; that it would be nonsensical to decide that clothing could be constitutionally seized only if removed at the scene of arrest; that there have been many instances where clothing has been examined for evidence of a crime. We therefore overrule the illegal search and seizure contention.

 The ineffective assistance of counsel claim rests mainly on trial counsel's failure to raise an illegal search and seizure objection to the introduction of the trousers and jacket in evidence, either by motion to suppress or by objection at the trial. However, the foundation for this claim collapses when it develops, as we have held, that the search and seizure of the clothing was valid, and so the absence of objection did not blot out the essence of a substantial defense, Bruce v. United States, 126 U.S.App.D.C. 336, 379 F.2d 113. The other claims of ineffective assistance of counsel relate to matters occurring prior to trial. These were considered and ruled against defendant in the original appeal.

State v. Wilkinson, supra, 423 S.W.2d l.c. 694–697.

 The final point is as to unconstitutionally improper argument by the prosecutor. The trial court in the present 27.26 motion found the argument was retaliatory to what defense counsel had argued, that while defense counsel's objection was overruled, the jury was instructed to disregard the remarks of the prosecutor, that there was no request for mistrial, and that the matter complained of did not so affect the results of the trial as to deprive defendant of due process. We have studied the record and agree.

Judgment affirmed.

BARDGETT, J., and CORNING, Special Judge, concur.

HOLMAN, J., not sitting.

---

1. Several Missouri burglary cases have involved use of defendant's clothing for tests to establish presence of defendant at the scene of the crime. For example, State v. Clark (Mo.Sup.), 445 S.W.2d 294; State v. Williams (Mo.Sup.), 382 S.W.2d 597; State v. Giden (Mo.Sup.), 369 S.W.2d 212; State v. Burton (Mo. Sup.), 357 S.W.2d 927. No claim of illegal search and seizure seems to have been raised in these cases.