Robert Lee **WILKINSON**, Petitioner,

v.

**E. E. HAYNES, Superintendent, Missouri Training Center for Men, Moberly, Missouri, Respondent.**

**No. 19085–4.**

United States District Court,
W. D. Missouri, W. D.

June 1, 1971.

Robert Lee Wilkinson, pro se.

J. Michael Jarrad, Asst. Atty. Gen. of Mo., Jefferson City, for respondent.

## MEMORANDUM AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

HUNTER, District Judge.

Petitioner, a convicted state prisoner who is currently confined in the Missouri Training Center for Men at Moberly, Missouri, has filed in forma pauperis a petition for writ of habeas corpus challenging the validity of his state conviction and sentence. Leave to proceed in forma pauperis was granted by the United States District Court for the Eastern District of Missouri. The case was subsequently transferred to this Court under the provisions of 28 U.S.C. § 2241(d) since petitioner's conviction was rendered in a state court presiding in this judicial district.

On September 29, 1966, petitioner was convicted in the Circuit Court of Grundy County, Missouri, upon charges of burglary. Petitioner was sentenced to a term of nine years imprisonment to commence on November 2, 1966. He appealed the judgment of conviction, but his appeal was unsuccessful. See: State v. Wilkinson, 423 S.W.2d 693 (Mo.1968).

Petitioner states that the sole ground he desires to present to this Court is that he was "tried, convicted, sentenced, and is confined upon an information filed against him which lacks the essential elements 'wilfully, intentionally, feloniously and on purpose' without which a felony charge has not been made." Based upon the alleged failure of the state prosecutor to include this phrase in the information charging petitioner with an offense, it is petitioner's contention that he was not adequately advised of the nature and cause of the accusation against him in violation of his Sixth and Fourteenth Amendment rights.

A review of the record of petitioner's appeal from the denial of his Rule 27.26 V.A.M.R., motion by the trial court reveals that petitioner presented his contention to the Supreme Court of Missouri and that he received an adverse decision in that court. See: Wilkinson v. State, 461 S.W.2d 283 (Mo.1970).

Respondent concedes that petitioner has exhausted his adequate and available state post-conviction remedies with regard to the precise issues raised in this federal habeas corpus proceeding. Thus, it is clearly apparent that petitioner is entitled to a review by this Court to determine whether current federal standards were applied. See: Williams v. State of Missouri, 317 F.Supp. 338 (W.D.Mo.1970); Huffman v. State of Missouri, 313 F.Supp. 730 (W.D.Mo. 1970); Dixon v. Missouri, 295 F.Supp. 170 (W.D.Mo.1969); Richardson v. Swenson, 293 F.Supp. 275 (W.D.Mo. 1969).

In response to this Court's order of May 11, 1971, petitioner stated that "I have no evidence to present that was not presented at the original 27.26 hearing in the Grundy County Curcit (sic) Court." And, a review of the state record of petitioner's Rule 27.26 proceedings reveals: (1) that the merits of the factual dispute were resolved in the state hearing; (2) that the state factual determination is fairly supported by the record as a whole; (3) that the fact finding procedure employed by the state court was adequate to afford a full and fair hearing; (4) that petitioner was afforded his constitutional right to counsel during the proceedings in the state court; (5) that the material facts were adequately developed at the state court hearing; and (6) that petitioner received a full, fair, and adequate hearing in the state court proceeding. Therefore, in view of petitioner's representation that he does not have any additional evidence to offer in this proceeding, a further evidentiary hearing in this federal habeas corpus proceeding is unnecessary. 28 U.S.C. § 2254; Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); White v. Swenson, 261 F.Supp. 42, 47–48 (W.D. Mo.1966).

██ ██ The contentions raised herein by the petitioner are entirely without merit and, therefore, the application for federal habeas corpus relief must be denied. It is well-established that the

question of whether an offense is sufficiently alleged in an indictment or information is not a proper subject for inquiry in federal habeas corpus proceedings unless the indictment or information is so defective as to deprive the state court of jurisdiction. Knewel v. Egan, 268 U.S. 442, 45 S.Ct. 522, 69 L. Ed. 1036 (1925); Murphy v. Beto, 416 F.2d 98, 100 (5th Cir. 1969); United States ex rel. O'Neill v. Burke, 379 F.2d 656, 659 (7th Cir. 1967), cert. den. 389 U.S. 876, 88 S.Ct. 173, 19 L.Ed.2d 163 (1967); United States ex rel. Tangredi v. Wallack, 343 F.2d 752 (2nd Cir. 1965); Kimbro v. Bomar, 333 F.2d 755, 757 (6th Cir. 1964); United States ex rel. McCoy v. Rundle, 307 F.Supp. 574, 575 (E.D.Pa. 1969), aff'd 419 F.2d 118 (3rd Cir. 1969). See also: Roth v. United States, 295 F.2d 364, 365–366 (8th Cir. 1961). Furthermore, where, as here, the sufficiency of the indictment or information has been directly presented to the highest court of the state, and that court has found that the trial court had jurisdiction over the cause, the issue is foreclosed from inquiry in later federal habeas corpus proceedings. Murphy v. Beto, *supra*. See also; Goodrum v. Beto, 296 F.Supp. 710, 715 (S.D.Tex.1969).

■ ■ There remains petitioner's contention that he was not adequately advised of the nature and cause of the accusation against him in violation of his constitutional rights. Under the Sixth and Fourteenth Amendments to the United States Constitution, the accused has the right to be informed of the accusation against him. Smith v. O'Grady, 312 U.S. 329, 61 S.Ct. 572, 85 L.Ed. 859 (1941). See also: In re Gault, 387 U.S. 1, 29, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); Balles v. Harvey, 248 F.Supp. 778 (E.D.Pa.1965). Those constitutional provisions are satisfied if the accused is informed of the charges against him so as to be enabled to present his defense and to plead the judgment entered as res judicata in any further prosecution for the same offense. United States v. Strauss, 283 F.

2d 155 (5th Cir. 1960); Hallman v. United States, 93 U.S. App.D.C. 39, 208 F.2d 825 (1954); United States ex rel. Holly v. Commonwealth of Pennsylvania, 81 F.Supp. 861 (W.D.Pa.1948), aff'd 174 F.2d 480 (3rd Cir. 1949). See also: J. Scurlock, Basic Principles of the Administration of Criminal Justice, 38 U.M.K. C.L.Rev. 167, 264–267 (1970).

■ As revealed by the record of the criminal proceedings against petitioner and of the later Rule 27.26 proceedings in the Circuit Court of Grundy County, it is clearly apparent that petitioner's constitutional rights were not violated with respect to the adequacy of the information charging him with the crime for which he was convicted. In affirming the denial of petitioner's Rule 27.26 motion by the trial court, the Supreme Court of Missouri in Wilkinson v. State, (Mo.1970), 461 S.W.2d 283 at page 284 set forth the following findings of fact with regard to petitioner's case:

"The record of the original trial shows that on July 1, 1966, following an unsuccessful attempt to go to trial on June 30, 1966 (the case had been pending in the circuit court for about eleven months), the prosecutor, as he had earlier notified opposing counsel by letter he intended to do, asked leave to amend the information by interlineation by inserting the words 'wilfully, intentionally, feloniously and on purpose' at the appropriate place. Defense counsel stated there was no objection and the court thereupon granted leave. Although the case was not then tried until September 29, 1966, the amendment by interlineation was never in fact made. At the hearing on the present motion, the prosecutor testified he thought he had but actually had not made the interlineation. The trial judge testified it was his understanding the information had been amended by interlineation and the case was tried on that basis. Defendant testified he had had several previous burglary convictions; that he knew that on 'a felony I understand

you go to the penitentiary, and a misdemeanor you go to the county jail'. He recalled that on the July 1 occasion, defense counsel mentioned to the court the possibility of a guilty plea and defendant's willingness if he could be assured of five years. Defendant conceded he knew there was a penitentiary offense involved.

\* \* \* \* \* \*

"[T]he trial court on the 27.26 motion ruled against defendant on the basis that ' \* \* \* the case was tried and the Court and defendant, who was present, believed such amendment had been made' \* \* \*."

As previously stated, this state factual determination is fairly and adequately supported by the record as a whole. Additionally, however, it should be emphasized that petitioner's attorney was fully aware that petitioner was charged with second degree burglary and prepared the defense accordingly; that counsel for the State presented his motion to amend the information in open court in the presence of the defendant and his attorney and after defense counsel had been previously notified of the proposed amendment; that neither petitioner nor his attorney objected to the amendment; and that throughout the trial there was no question that petitioner was being tried for burglary in the second degree (see the opening statements, closing statements, and instructions to the jury). And, the information was treated as adequately amended by both the trial court and the Supreme Court of Missouri. In light of those circumstances and in view of the treatment of the information by both the state trial court and the highest appellate court of the state, it is clear that petitioner was, in fact, adequately advised of the nature of the charges against him and that he would be able to plead the judgment rendered against him as res judicata in any further prosecution for the same offense. Therefore, the fact that the information was not physically amended by interlineation does not constitute a violation of petitioner's constitutional rights.

Accordingly, for the reasons stated above, the petition for writ of habeas corpus is hereby denied.

It is so ordered.