Gary Robert DUMKA, Appellant,

v.

STATE of Missouri, Respondent.

No. KCD 26340.

Missouri Court of Appeals,
Kansas City District.

March 4, 1974.

Gerald Kiser, Public Defender, Seventh Judicial Circuit, Liberty, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

Before PRITCHARD, P. J., and SWOFFORD and SOMERVILLE, JJ.

PER CURIAM:

Movant appeals from the denial of his motion to vacate judgment under Rule 27.-26, V.A.M.R. The motion was originally heard on July 28, 1972 and at that time movant's ten year sentence for felonious possession of marijuana was set aside as being in excess of the legal penalty and movant was resentenced to a term of three years in the Missouri Department of Corrections.

On appeal movant assigns three points of error. The first is a procedural attack on the amended information; the second, a related allegation that the penalty imposed was excessive; and the third is a bare averment of error, an abstract statement of law, and in such posture preserves nothing for appellate review. Rule 84.-04(d); Rule 28.18; State v. Warren, 469 S.W.2d 662 (Mo.App.1971); State v. Robbins, 455 S.W.2d 24 (Mo.App.1970).

Allegation I assigns as error two distinct flaws in the plea proceedings: (a). That the amendment was made *after* the defendant had pleaded guilty; (b). That the state failed to actually make the interlineation. Reference to the transcript on appeal is requisite to an understanding of (a) above:

THE COURT: State versus Gary Robert Dumka.

MR. DUNCAN: He has not been formally arraigned.

THE COURT: Does he desire to be formally arraigned?

MR. DUNCAN: We intend to enter a plea of guilty, your Honor.

THE COURT: Let the record show that the defendant appears in person and in custody of the sheriff, by his attorney, Robert G. Duncan. The State appears by Thomas E. Allen, Assistant Prosecuting Attorney of Clay County and Lawrence V. Fisher, Prosecuting Attorney for Clinton County. The defendant waives formal arraignment and pleads guilty, is that correct?

MR. DUNCAN: That's correct, your Honor.

THE COURT: Is that correct, Mr. Dumka?

MR. DUMKA: Yes.

THE COURT: Mr. Allen, how much marijuana did he have in his possession? Does it make some difference now?

MR. ALLEN: This is marijuana in excess of 35 grams, and it is my contention that we probably should amend our Information in this respect to be: knowingly have in his possession a quantity of marijuana in excess of 35 grams.

THE COURT: Show the State is permitted to amend the Information by interlineation to allege possession of marijuana in excess of 35 grams. Now, what is the penalty range on that?

MR. ALLEN: It's graded, your Honor, to five years.

THE COURT: Mr. Dumka, do you understand that on your plea, that there won't be a jury and there won't be any witnesses?

MR. DUMKA: Yes, your Honor.

EXAMINATION BY THE COURT:
(Continuing.)

Q And the Court will fix the punishment somewhere between a year and five years—I mean a day or so and five years in the penitentiary?

A Yes, your Honor.

Q Whatever I feel is justified?

A Yes, your Honor.

Q Now, knowing all of this, do you still plead guilty?

A Yes, your Honor.

Q Has anybody promised you that you would get any particular sentence if you would plead guilty?

A No, your Honor.

Q Has anybody, and that includes your own lawyer?

A No, your Honor.

Q Has anybody promised you, including your own lawyer, you would get probation?

A No, your Honor.

Q All right, we will go the other way. Has anybody threatened you?

A No, your Honor.

Well, let the record show that on inquiry the Court finds that the defendant's plea is voluntary.

[Tr. P. 6 L. 19 to P. 9 L. 4]

While the desire to plead guilty was evinced after the waiver of arraignment and prior to the state's proffered amendment, it was not *accepted* until after the amendment had been made, and movant had been interrogated in line with the dictates of Rule 25.04. We further note that movant was apprised of the correct range of punishment, and given an opportunity to change his plea after amendment and prior

to the court's acceptance of his plea as voluntary. It is clear from the transcript on appeal that movant had not entered into a binding plea until said plea was accepted by the trial court. Rule 25.04; see also, State v. Nunez, 108 Ariz. 484, 502 P.2d 361 (1972), wherein the court held that the state could not amend an information if the defendant had pleaded *and the plea had been accepted by the trial court.*

■ Movant, also in Point I, attacks the procedural deficiency of the amendment, in that while stated in open court and accepted, the physical interlineation was never actually accomplished. Movant asserts no serious allegation of prejudice resultant from this oversight, this being the case, we choose to adopt the approach taken by the Missouri Supreme Court, in Wilkinson v. State, 461 S.W.2d 283 (Mo.1970), wherein the court held:

■ One object of the information is to give the court jurisdiction, Montgomery v. State (Mo.Sup.), 454 S.W.2d 571, and to inform the defendant of the nature of the charge, State v. Vonderau, supra. The information in this case was sufficient to give the court jurisdiction to permit the amendment by interlineation, which would have cured the defect. Without the amendment, it was not clear whether defendant was being charged with a felony. As a common sense matter, however, once the proposed amendment by interlineation was brought to the attention of the trial court in the presence of defendant, with no objection from counsel, and under the other circumstances set forth above, it would be excessively technical to reverse and remand the conviction on the mere fact that the interlineation was not actually entered. We therefore overrule this point. In doing so, however, we caution our holding is restricted to the facts before us. We do not intend to approve as a practice not carrying through with the actual making of such interlineations, nor do we intend our ruling to be taken as meaning that henceforth amendments to informations are to be governed by rules applying to amendments in civil cases.

Here too, we would limit this holding to the facts before us. The record indicates that movant and counsel were well apprised of the nature and the gravity of the charge, this being so, the result is compelling that no injustice nor prejudice has befallen movant. In the absence of prejudice we are unwilling to grant relief.

■ Having determined Point I against movant, his second point must necessarily fail. Section 195.200, subd. 1(1)(b), RSMo 1969, V.A.M.S., provides that the maximum penalty for possession of marijuana in excess of 35 grams is five years in a state correctional institution. Movant's three year sentence is therefore well within the statutory range and not excessive.

As noted, supra, movant's Point III is an abstract statement of law, and in such posture preserves nothing for appellate review. Rule 84.04(d); Rule 28.18; State v. Warren, supra; State v. Robbins, supra.

After a careful review of the briefs and transcript on appeal, we are convinced that the findings of fact and conclusions of law are not clearly erroneous, and therefore deny movant's application for vacation of judgment. State v. Rose, 440 S.W.2d 441 (Mo.1969).

The judgment is affirmed.