**UNITED STATES of America ex rel. Steven G. NELSON, Petitioner,**

v.

**Donald WYRICK, Warden, Missouri State Penitentiary, Respondent.**

**No. 76–739C(2).**

United States District Court, E. D. Missouri, E. D.

Sept. 22, 1976.

Steven G. Nelson, pro se.

John C. Danforth, Atty. Gen., Jefferson City, Mo., for respondent.

MEMORANDUM

REGAN, District Judge.

Petitioner, convicted of murder in the first degree upon trial to a jury in the Circuit Court of St. Louis County, Missouri,

was sentenced on January 5, 1973, to life imprisonment. The conviction was affirmed by the Supreme Court of Missouri in *State v. Nelson,* 514 S.W.2d 581 (1974). A motion for post-conviction relief under Missouri Supreme Court Rule 27.26 was denied, and that order was affirmed by the Missouri Court of Appeals, St. Louis District, on May 25, 1976. (*Nelson v. State,* 537 S.W.2d 689), and transfer was denied by the Supreme Court of Missouri on July 12, 1976.

Having exhausted his available state remedies, petitioner now seeks a writ of habeas corpus. In response to our order to show cause, respondent has filed copies of the transcripts of the original trial of petitioner and of the proceedings on his Rule 27.26 motion. Also filed are copies of all briefs which were filed in both state appeals.

The petition for the writ alleges two grounds therefor: (1) Trial counsel's representation was allegedly ineffective by reason of his failure to object to a question on petitioner's cross-examination, and (2) The indictment on which he was tried was allegedly fatally defective. We find both grounds wholly lacking in merit.

Petitioner's complaint respecting the indictment is that it failed to allege that *petitioner* committed the offense for which the indictment was returned, with the result that petitioner was not informed of the nature of the accusation.

The indictment was styled "State of Missouri v. Steven Gale Nelson, Defendant." The caption also set forth petitioner's address and stated that the charge was "Murder in the first degree." Petitioner contends that inasmuch as the body of the indictment refers only to "the defendant" without mentioning petitioner's name as "the defendant," the indictment is thereby rendered fatally defective. However, the *only* defendant is the one named in the caption of the indictment. As the Missouri Supreme Court pointed out in ruling this point, "(t)he party charged was sufficiently designated," and petitioner "could not have failed to know that he was the party charged." We find no constitutional defect in the indictment, nor, for that matter, any defect which would permit a collateral attack thereon. The sufficiency of the indictment was directly presented to the Missouri Supreme Court, which found that the trial court had jurisdiction over the cause. Cf. *Wilkinson v. Haynes,* 327 F.Supp. 967 (D.C. Mo.1971). The vigorous defense interposed by petitioner belies his present tongue-in-cheek contention that by reason of the absence of his name in the body of the indictment he was not informed of the offense with which he was charged. Petitioner was named as *the defendant* and the charge was made against *the defendant.* No constitutional rights of petitioner were adversely affected. The contention borders on the frivolous.

Petitioner's remaining point, relating to ineffective representation, is equally lacking in merit. The claim of ineffective representation pertains to counsel's failure to object to a single question asked on cross-examination of petitioner, during the course of the three day trial. The detailed facts surrounding the crime adduced are set forth in the opinion of the Missouri Supreme Court in 514 S.W.2d 581.

The evidence of petitioner's guilt was overwhelming. By way of defense, petitioner testified that he entered the deceased's apartment with his loaded shotgun in his hand, that the gun was pointed toward the kitchen where the deceased was standing, that when a companion reached for the gun petitioner pulled the trigger and the gun discharged, that the companion then took the gun, loaded it and fired a second shot into the kitchen, and that it was not until the second shot that deceased fell, mortally wounded.

The prosecutor commenced his cross-examination by asking, without objection, whether petitioner recalled making a statement on April 18, 1972 (the murder having occurred on December 16, 1971) that he (petitioner) "didn't remember what had happened, you didn't know if you killed a man or not," to which petitioner responded "Yes, sir." As the Missouri Court of Appeals noted, there was no further reference

to the statement in the evidence nor any as to whom the statement was made or what the statement (which was undoubtedly oral) involved. Even now, petitioner does not enlighten us as to the circumstances under which he admittedly made the April 18, 1972 statement. There is an indication in the record that the statement was made in the presence of petitioner's companions who had been involved in the crime, and that it was not made to the police.

The only ground on the basis of which petitioner contends that the question should have been objected to is that the statement had not been disclosed to petitioner pursuant to a previous order of court requiring the production of all "favorable" evidence. In our judgment, the oral statement was not "favorable" to the defense, and certainly there has been no showing by petitioner that it was in fact favorable or that an objection on that ground would have been proper. Obviously, petitioner was aware that he had made the statement and he was not surprised by the reference thereto.

■ Our examination of the record has convinced us that the failure to object to the question pertaining to the oral statement does not evidence a failure on the part of petitioner's counsel to exercise the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances. Cf. *Crismon v. United States*, 510 F.2d 356 (8 Cir. 1975). It may also be inferred that the failure to object was a deliberate trial tactic which counsel had the right to exercise in his professional judgment. Even if in hindsight the trial strategy was a mistake (and we do not believe it was), it did not result in a deprivation of petitioner's right to a fair trial. We find no reasonable basis for a charge that counsel failed in his professional duty. Petitioner in fact received a fair trial at which he was vigorously and competently defended, and he could not have been prejudiced by the complained of "inaction" of counsel.

It follows that petitioner is not entitled to a writ of habeas corpus. The petition for the writ should be denied.