**STATE of Missouri, Respondent,**

v.

**Jeraline COOPER, Appellant.**

**No. WD 38741.**

Missouri Court of Appeals,
Western District.

June 30, 1987.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 1, 1987.

Application for Transfer Sustained
Oct. 13, 1987.

Case Retransferred Feb. 4, 1988.

Court of Appeals Opinion Readopted
Feb. 10, 1988.

Susan L. Hogan, Columbia, for appellant.

William L. Webster, Atty. Gen., Donna Richards-Crosswhite, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, P.J., and PRITCHARD and TURNAGE, JJ.

LOWENSTEIN, Judge.

Appellant Jeraline Cooper was convicted by a jury of robbery and armed criminal action and sentenced as a prior offender by the court to 20 years, to run concurrently, on each count. Cooper appeals charging the court erred in (1) sentencing her as a prior offender even though the information did not charge her with that status; (2) not granting her a continuance so she could locate a witness; (3) overruling her motion to suppress an in-court identification; (4) accepting the jury's guilty verdicts when there was insufficient evidence to support the verdicts; and (5) failing to instruct the jury under MAI–CR2d 2.70. Affirmed.

An abbreviated statement of the facts, considered in a light most favorable to the state, is as follows. At 12:30 p.m., on January 2, 1986, Mrs. Anna Brown answered her doorbell to find appellant and appellant's boyfriend, Clinton Clark, on her doorstep. The couple asked for Tina White, Mrs. Brown's cleaning lady, whom they had arranged to meet. White had not yet arrived at Brown's home. One of the individuals then pushed past Brown, entered Brown's home and asked Brown if they could wait for White. Brown said they could and the twosome sat in a sofa in Brown's living room. Clark got up and started walking around Brown's house. Appellant went to use Brown's restroom. Appellant left the restroom, pulled a "pipe-like object" from her sleeve and announced a "hold-up." Appellant then struck Brown on the head with the pipe while holding a knife pulled from her other sleeve to Brown's throat. Brown held onto the kitchen table to keep from falling. The table broke and Brown fell to the floor while appellant continued to hit and kick her. At the sound of a police siren, Clark grabbed Brown's purse and the couple fled out the back door.

Appellant was arrested and charged by information with robbery and armed criminal action. In a pretrial conference, the state said it planned to prove appellant had a prior conviction. The prosecutor gave the court a copy of the previous conviction and the court found appellant to be a prior offender. Upon inquiry by the court, the prosecutor admitted appellant had not been charged as a prior offender. The prosecutor made an oral motion to amend the information to charge appellant with that status and the court granted the motion. The prosecutor, however, never actually amended the information. The case went to trial and the jury found appellant guilty of both robbery and armed criminal action. Appellant admitted her previous conviction during the trial. Appellant did not object on the grounds the information did not charge her as a prior offender and did not object to the court's failure to instruct the jury on punishment. At the sentencing hearing, the court considered appellant's motion for a new trial which raised the error in the information. The motion was overruled and appellant was sentenced by the court to twenty years on each count, to be served concurrently.

In her first point, appellant states the information did not allege that she was a prior offender as required by § 558.021, RSMo 1986. She argues the omission required that the jury, and not the trial court, assess her punishment. Section 558.021 reads in part:

1. The court shall find the defendant to be a prior offender, persistent offender, or dangerous offender if

(1) The indictment or information, original or amended, or the information in lieu of an indictment pleads all essential facts warranting a finding that the defendant is a prior offender, persistent offender or dangerous offender;

The state admits it neglected to amend the information to charge appellant with being a prior offender. Failure to follow the procedures in § 558.021 is error. *State v. Richardson*, 719 S.W.2d 884, 885 (Mo.App. 1986); *State v. Wynn*, 666 S.W.2d 862, 864 (Mo.App.1984). Whether the error is prejudicial is the question confronted by this court. *Richardson, supra,* at 886. *State v. Brown,* 729 S.W.2d 224 (Mo.App.S.D. 1987).

*Wilkinson v. State,* 461 S.W.2d 283 (Mo. 1970), presented a situation similar to the one here. In *Wilkinson,* the defendant was convicted of burglary although the information did not state the breaking and entering was done with felonious intent. At trial, the prosecutor was granted leave to amend the information by interlineation to insert the words "wilfully, intentionally, feloniously and on purpose." The defendant did not object to the amendment and testified he understood a felony was involved. The interlineation was never made. *Id.* at 284. The Supreme Court stated the information was faulty but decided at p. 284–85:

As a common sense matter, however, once the proposed amendment by interlineation was brought to the attention of the trial court in the presence of defendant, with no objection from counsel, and under the other circumstances set forth above, it would be excessively technical to reverse and remand the conviction on the mere fact that the interlineation was

not actually entered. We therefore overrule this point. In doing so, however, we caution our holding is restricted to the facts before us. We do not intend to approve as a practice not carrying through with the actual making of such interlineations, nor do we intend our ruling to be taken as meaning that henceforth amendments to informations are to be governed by rules applying to amendments in civil cases.

In *Dumka v. State,* 507 S.W.2d 71 (Mo. App.1974), the appellate court relied upon *Wilkinson,* to affirm the defendant's conviction for possession of marijuana. At trial, the court granted the state's motion to amend the information to charge the defendant with possession of more than 35 grams of marijuana. The state, however, never actually made the amendment. The court concluded at 74:

The record indicates that movant and counsel were well apprised of the nature and gravity of the charge, this being so, the result is compelling that no injustice or prejudice has befallen movant. In the absence of prejudice, we are unwilling to grant relief.

*See also, State v. Montgomery,* 590 S.W.2d 105 (Mo.App.1979).

▇▇▇ Like the defendants in *Wilkinson* and *Dumka,* appellant here was not prejudiced by the state's failure to follow through and amend the information. The record shows the state moved to amend the information to charge appellant as a prior offender under § 558.021. The trial court granted the motion but the state never made the amendment. At trial, appellant admitted her prior conviction, did not object to the state's failure to charge her as a prior offender and did not object when the court failed to instruct the jury on punishment. Section 558.021 requires the information plead that the defendant is a prior offender "to ensure the due process predicate for an enhanced punishment." *State v. Davis,* 663 S.W.2d 301, 304 (Mo.App. 1983); (citing *Specht v. Patterson,* 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967)), *see also State v. White,* 710 S.W.2d 934 (Mo.App.1986). Here, appellant was not

surprised or misled by the court's sentencing her as a prior offender. She knew before trial that the state intended to seek an enhanced punishment. She never contested that intention and admitted the previous conviction. There is no prejudice to appellant under these circumstances. However, as emphasized in *Wilkinson supra,* this ruling is limited to these facts and does not mean Rule 55.33(b) is applicable to criminal cases. Appellant's failure to object does not justify the state's failure to amend the information. The appellant should not have to prompt the state to properly charge appellant under § 558.021. It is the state's duty to ensure the requirements of § 558.021 are met. The state's carelessness in discharging that duty here merits admonishment. Nevertheless, barring some indication of prejudice to appellant, this point must be denied.

■ Appellant's second point is that the trial court should have granted her request for a continuance. She sought additional time to locate Audrey Milligan, a witness who would have testified that appellant was with Milligan when the crime occurred. The granting of a continuance is within the broad discretion of the trial court. *State v. Nave,* 694 S.W.2d 729, 735 (Mo. banc 1985), *cert. denied,* 475 U.S. 1098, 106 S.Ct. 1500, 89 L.Ed.2d 901 (1986). Appellate courts will not reverse absent an abuse of discretion. *State v. Churchir,* 658 S.W.2d 35, 37 (Mo.App.1983). The record shows appellant was granted one continuance and trial was set for July 14, 1986. On July 2, 1986, appellant requested another continuance. That request was denied. The July 2 request did not comply with Rules 24.09 or 24.10 because it simply asked for time to investigate and prepare for trial and stated it was "made in good faith and not to vex or harass the court." Given this deficiency, the trial court did not abuse its discretion in refusing to grant the continuance. *State v. Freeman,* 702 S.W.2d 869, 874 (Mo.App.1985); *State v. Settle,* 670 S.W.2d 7, 13–14 (Mo.App.1984); This point is denied.

■ Appellant next states the court erred when it overruled her motion to suppress Anna Brown's in-court identification. Appellant argues the identification should have been excluded because it was based on an unduly suggestive pretrial photographic lineup. The reliability of a pretrial lineup is judged according to the totality of the circumstances. *State v. Green,* 635 S.W.2d 42, 45 (Mo.App.1982); *State v. Montgomery,* 588 S.W.2d 80, 82 (Mo.App. 1979). Factors examined include (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the criminal; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the length of time between the crime and confrontation. *Manson v. Brathwaite,* 432 U.S. 98, 114, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140; *State v. Charles,* 612 S.W.2d 778, 780 (Mo. banc 1981).

■ The record shows Brown viewed appellant at close range for approximately 10 minutes while appellant was inside Brown's house. A high degree of attentiveness by Brown may be inferred because appellant was an intruder in Brown's home. Although Brown's initial descriptions of appellant were conflicting, Brown immediately picked appellant from the photographic lineup. Brown said she was one hundred percent certain of her identification which occurred only five to six hours after the crime. Appellant believes her picture stood out among the five photographs because appellant was the only woman with very short hair. However, an examination of the pictures shows appellant's argument is unfounded. Four of the five women's hair was cut above the ear. "Police stations are not theatrical casting offices." *State v. Bullington,* 684 S.W.2d 52, 55 (Mo.App. 1984). It would be unreasonable to require lineup participants to be identical in appearance. *Id., State v. Young,* 701 S.W.2d 490, 495 (Mo.App.1985). This point is denied.

■ Appellant's fourth point states there was insufficient evidence to support her conviction because the state failed to establish appellant's criminal agency. She argues that Brown's testimony identifying appellant was not substantial evidence be-

cause it was inconsistent and contradictory. When testing the sufficiency of the evidence, this court must accept the state's evidence as true, give the state the benefit of all reasonable inferences and disregard evidence and inferences to the contrary. *State v. Turner,* 623 S.W.2d 4, 6 (Mo. banc 1981). Ordinarily the testimony of one witness can be sufficient to support a charge even though the testimony is inconsistent because inconsistencies in testimony are questions for the jury. *State v. Hitchcock,* 676 S.W.2d 538, 539 (Mo.App.1984); *State v. Newberry,* 605 S.W.2d 117, 121 (Mo. 1980).

The record here shows that on the day of the crime, Brown described appellant as either five feet two or five feet five inches tall. Brown said appellant weighed approximately 130 pounds. Brown described appellant as "slim." That same day, Brown picked appellant from the picture lineup and said she was one hundred percent sure of her identification. At a deposition three months after the crime, Brown described appellant as "not quite" five feet tall, pregnant and "big around." At trial, Brown identified appellant as her assailant and said appellant was "larger" and had very short hair on the day of the crime. Appellant is five feet five inches tall and weighed approximately 190 pounds both when the crime occurred and at trial. Appellant was six months pregnant on the day of the crime. The inconsistencies in Brown's description of appellant's height and weight do not vitiate Brown's positive identification of appellant from the picture lineup and at trial. Moreover, "Barring gross inconsistencies and contradictions, resolution of conflicts in evidence and determination of the credibility of witnesses are jury matters." *State v. Vidauri,* 699 S.W.2d 46, 48 (Mo.App.1985); *State v. Harris,* 620 S.W.2d 349, 353–54 (Mo. banc 1981); *State v. Clark,* 701 S.W.2d 546 (Mo. App.1985). This point is denied.

In her last point, appellant alleges the court erred because it did not submit MAI–CR2d 2.70 on multiple counts requiring separate verdicts. Appellant did not request the instruction and did not object to the court's failure to submit it. Appellant did object in her motion for a new trial. Rule 28.03. MAI–CR2d should be read to the jury immediately before MAI–CR2d 2.80 when multiple counts or multiple defendants are involved. *See* MAI–CR2d 2.70, Notes on Use 1. Failure to give the instruction is error and the court must determine its prejudicial effect. *State v. Stuckey,* 680 S.W.2d 931, 935 (Mo. banc 1984); *State v. Kimball,* 624 S.W.2d 158, 159 (Mo.App.1981). Here separate verdict director instructions were submitted for robbery and armed criminal action. Each verdict director directed acquittal if the jury did not believe every submitted element beyond a reasonable doubt. The offenses were also isolated by four separate verdict forms for robbery and armed criminal action. The instructions, viewed in their entirety, clearly required separate consideration of each charge. *State v. Morgan,* 592 S.W.2d 796, 808 (Mo. banc 1980); *State v. Minor,* 556 S.W.2d 35, 42 (Mo. banc 1977); *State v. Olson,* 560 S.W.2d 71, 73 (Mo.App.1977). The omission of MAI–CR2d 2.70 in this case did not prejudice appellant.

Affirmed.

All concur.